# Saunders *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Damages—Loss of earning capacity—Death—Evidence—Charge of court.*

1. In an action to recover damages for injuries to plaintiff's wife, caused by defendant's negligence, where it appeared that she died from apoplexy, and where it was contended that her death had been accelerated by the effects of the accident, the court erred in submitting to the jury the question as to how long beyond the actual time of her death plaintiff's wife probably would have lived if she had not been injured, where the only evidence on such question was that of physicians who testified that in their judgment the accident accelerated her death, but who failed to state how much her expectancy of life was probably shortened thereby.

2. In such case where it appeared that prior to the accident decedent had entered into an arrangement with her son by which she was to receive five dollars monthly if she did not go out to work, the court erred in submitting to the jury the question as to how long the arrangement between the son and deceased was to continue, where the son was living and available but did not testify at the trial, and there was no other evidence on the subject.

*Practice, Supreme Court—Assignments of error—Abandonment of appeal.*

3. Where on an appeal from judgments in favor of a husband and wife for injuries sustained by the latter, the assignments of error relate only to the rights of the husband, the appeal from the judgment in favor of the wife will be treated as abandoned.

Argued Oct. 17, 1916. Appeals, Nos. 140 and 141, Oct. T., 1916, by defendant, from judgments of C. P. Allegheny Co., Jan. T., 1913, No. 1520, on verdicts for plaintiffs in case of Alexander Saunders, Administrator of the Estate of Frances Saunders, Deceased, and Alexander Saunders v. Pittsburgh Railways Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Evans, J.

The facts appear by the opinion of the Supreme Court.

Verdict for Alexander Saunders in the sum of $1,500 and for Alexander Saunders, Administrator of the Estate of Frances Saunders, Deceased, in the sum of $3,000 and judgments thereon. Defendant appealed.

*Errors assigned* were the portions of the charge referred to in the opinion of the Supreme Court.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—The burden is always upon the plaintiff to prove every part of his case, including the measure of damages, and the court will not submit to a jury a question upon which their answer can only be a guess: Ott v. Philadelphia, 235 Pa. 354; Beck v. B. & O. R. R. Co., 233 Pa. 344; Kost v. Ashland Borough, 236 Pa. 164; Peters v. Bessemer & Lake Erie R. R. Co., 225 Pa. 307; Moss v. Philadelphia Rapid Transit Co., 42 Pa. Superior Ct. 466; McCarthy v. Philadelphia Rapid Transit Co., 42 Pa. Superior Ct. 526.

The court erred in allowing the jury to find from the evidence that decedent's death was hastened by her accident: Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169.

*Rody P. Marshall,* of *Thos. M. & Rody P. Marshall,* for appellee.

Opinion by Mr. Justice Moschzisker, January 8, 1917:

The wife of the plaintiff, Alexander. Saunders, was injured while a passenger on a car of the defendant company, through the latter's negligence; both she and her husband sued for damages, but before the present trial Mrs. Saunders died, and her administrator was substituted upon the record; verdicts were rendered and judg-

ments entered in favor of both plaintiffs; the defendant appealed, but assigns for error parts of the charge which deal only with the claim of the husband; hence, the appeal from the judgment in favor of the estate of the deceased wife must here be treated as abandoned.

In the portion of the charge complained of in the first assignment of error, the trial judge said: "Mrs. Saunders lived a little over three years and three months after the accident and then died......from apoplexy....... It is claimed by the plaintiff......that, while the injury which Mrs. Saunders received was not the cause of the apoplexy......, her death was accelerated and brought about sooner than it otherwise would have been by the pain and suffering which she endured as a result of the injuries which she sustained by this accident. The question of the influence of that pain and suffering upon the condition of this woman, which resulted in her death, is not definite......, but it is a question.......to be considered in connection with the husband's claim for damages.......Whether or not this accident......had anything to do with accelerating her death becomes important......because, if the accident hastened her death, to the extent of the time which that death was hastened by the accident, the husband would lose her services just that much sooner than he otherwise would.......If Mrs. Saunders's death was in no way affected by the injury which she received......then there is......no uncertainty as to the time of her life following this accident ......, that would be fixed by her death on August 31, 1915. But, if the injury which she received hastened her death......, to what extent did her injury hasten her death, and how many years would she have lived more if she had not been injured?......It is a question of fact.......and......a matter which you ought to consider in passing upon the question of damages in this case."

While, as shown by the excerpts just quoted from the charge, the learned court below submitted to the jury

for their determination the question of fact as to how long beyond the actual time of her death Mrs. Saunders probably would have lived if she had not been injured, yet there is not a syllable of evidence which would justify the jury in reaching any definite conclusion upon that point. True, the doctors for the plaintiff said, in an indefinite way, that in their judgment the results of the accident accelerated the demise of the injured woman, but they were not asked, and did not attempt to estimate or express an opinion, as to how much her expectancy of life was probably shortened thereby. If the known facts did not justify the medical experts in expressing any definite view upon this aspect of the case, the jury should not have been invited or permitted to hazard a guess thereon; in this respect the assignment under consideration indicates clear error.

The second assignment deals with a feature which we had before us on a prior appeal in this case. In 252 Pa. 79, 80, we said, referring to the injured woman: "She testified that her son said he would give her $5 a month and would keep her in clothes, if she did not go out to work; that she had accepted his offer and had not been working for six or eight weeks prior to the accident. ......The compensation which the husband was entitled to receive for the injury sustained by his wife was the pecuniary loss he sustained by reason of the injuries resulting from the defendant's negligence. If the plaintiff and her son intended to continue this arrangement, it is manifest that whatever the wife's earning capacity may have been, it would not have benefited her husband in the future, and hence its loss, resulting from the defendant's negligence, was no detriment to him." We then ruled that the duration of the condition of affairs brought about by the arrangement between Mrs. Saunders and her son, was a material point in the case, as to which cross-examination should have been allowed, and that the refusal thereof was error which necessitated a new venire.

On the present trial, the jury was instructed, inter alia: "Her [the wife's] earning power must not only have been diminished, but he [the husband] must have suffered a loss thereby; and, therefore, the other question in this case, the fact that for some time before the accident happened she had ceased going out to do washing, under an arrangement with her stepson, by which he agreed to furnish her with clothes and pay her $5 a month, which she had accepted, and which they were acting upon at that time, becomes important.......How long that would continue is a question of which, unfortunately,......we have no evidence; but it was an arrangement between Mrs. Saunders and her stepson, at least of indefinite duration, a situation which might terminate or which might last for the remainder of her life. That is an important question, if you come to the question of what Mr. Saunders's damages are, in this case." Here again there was submitted to the jurors an issue as to the probable duration of a certain material state of affairs, without any evidence upon the subject to enable them to reach an intelligent conclusion; this also was error.

Although Mrs. Saunders died between the first and second trials, yet the stepson was alive and could have been called as a witness, so it was perfectly possible to obtain evidence as to the probable duration of the arrangement under which Mrs. Saunders had discontinued her earnings; and since, on the former appeal, we ruled that this point was a material one, it should not have been submitted to the jury without the best evidence obtainable being presented in connection therewith.

Since the judgment for the administrator must stand, on another trial the question as to whether or not, as between Mrs. Saunders and her husband, the wife's earnings would belong to the latter or the former, may become important; hence, this feature of the case ought not to be lost sight of, if evidence should be presented under which it might be found that the wife had an ex-

pectancy of life, with earning capacity, beyond the date of her death: see Lewis's Est., 156 Pa. 337; Nuding v. Urich, 169 Pa. 289, 293; Standen v. Penna. R. R. Co., 214 Pa. 189, 198; Schmelzer v. Chester Trac. Co., 218 Pa. 29, 33.

The appeal from the judgment in favor of the estate of the wife is dismissed; but both assignments of error in the other appeal are sustained, and that judgment is reversed with a venire facias de novo.