[Civil No. 1741.   Filed February 2, 1920.]

[187 Pac. 568.]

## TUCSON RAPID TRANSIT COMPANY, a Corporation, Appellant, v. ASMA RUBAIZ, Appellee.

1. APPEAL AND ERROR—TRIAL COURT'S JUDGMENT ON WEIGHT OF EVIDENCE CONCLUSIVE.—The Supreme Court will not weigh the evidence of plaintiff and substitute its judgment for that of the trial court.

2. APPEAL AND ERROR—VERDICT ON CONFLICTING EVIDENCE CONCLUSIVE. In an action against a rapid transit company for personal injuries,

a verdict determining that the accident was the cause of the recurrence of tuberculosis in an active form may not be disturbed where sustained by conflicting evidence.

3. DAMAGES—INSTRUCTION ON AGGRAVATION OF TUBERCULOSIS RESULTING FROM PERSONAL INJURIES WHERE ONLY RECURRENCE PLEADED HARMLESS.—In an action against a rapid transit company for personal injuries from being thrown from a car, resulting in an aggravation or recurrence of pulmonary tuberculosis, where the loss arising from aggravation of tuberculosis could not be less than that for recurrence of the disease, it was not reversible error to instruct on aggravation which was sustained by the evidence, although aggravation was not pleaded, while recurrence was.

4. DAMAGES—LIABILITY FOR NEGLIGENCE RESULTING IN AGGRAVATION OR RECURRENCE OF TUBERCULOSIS.—In an action against a rapid transit company for damages resulting from being thrown from defendant's car, defendant cannot claim immunity for its negligence resulting in recurrence or aggravation of tuberculosis because plaintiff already had the disease; the gist of the action being the loss suffered by plaintiff caused by defendant's negligence.

5. APPEAL AND ERROR—INSTRUCTION ON AGGRAVATION OF DISEASE FROM NEGLIGENT PERSONAL INJURY WHERE RECURRENCE PLEADED NOT REVERSIBLE ERROR.—In an action against a rapid transit company for injuries resulting in alleged recurrence of tuberculosis, an instruction on aggravation of the disease, if erroneous, is not reversible error, in view of Civil Code of 1913, paragraph 423, since the aggravation of an existing disease resulting from wrongful injuries is not a full defense to an action charging recurrence of the disease as a result of such wrong.

6. NEW TRIAL—NEWLY DISCOVERED EVIDENCE NOT PRECLUDING RECOVERY IS INSUFFICIENT.—In an action against rapid transit company for injuries resulting in the aggravation or recurrence of tuberculosis, alleged newly discovered evidence that plaintiff was suffering from active tuberculosis prior to and continuing up to the accident, assuming proper diligence is shown, does not preclude recovery and does not call for a new trial.

7. NEW TRIAL—CONTRADICTORY OR IMPEACHING TESTIMONY HELD NOT SUFFICIENTLY MATERIAL.—Testimony of witnesses of newly discovered testimony which would serve to contradict the testimony of plaintiff *held* not of such materiality as to require new trial.

---

3. Upon the question whether aggravation of latent or dormant disease through negligent act of another constitutes proximate cause of injury, see note in Ann. Cas. 1915B, 201.

4. On extent and character of developments following personal injury for which person inflicting the injury is liable, see note in 48 L. R. A. (N. S.) 93.

APPEAL from a judgment of the Superior Court of the County of Pima. Samuel L. Pattee, Judge. Affirmed.

Messrs. Kingan & Campbell, for Appellant.

Messrs. Richey & Richey and Messrs. Moore & Frawley, for Appellee.

CUNNINGHAM, C. J.—On this appeal the appellant contends that the only evidence sustaining the verdict and judgment is contained in the testimony of the plaintiff given in her own behalf. I quote from appellant's brief, to wit:

"And that the evidence of the plaintiff as to the happening of the accident, and the result of it, is of so contradictory and unsatisfactory character as not to constitute any substantial evidence."

We are requested to disregard all of plaintiff's testimony as unworthy of belief for that reason, and, having disregarded her testimony, to hold that there is no substantial evidence in the record to sustain the verdict and judgment. This is a request for this court to weigh the evidence of the plaintiff and to substitute our judgment of its weight for that of the trial court. This we refuse to do, as we have refused in like instances so often that we do not wish to give space to citation of the cases. See the rule stated in *Roullier* v. *Schuster & Co.*, 18 Ariz. 175, 176, 157 Pac. 976.

The appellant asserts that the complaint sets forth as an element of damages recoverable:

"That by negligence of the defendant, and as a direct result thereof, she [plaintiff] suffered a recurrence of tuberculosis of the lungs. That there was no substantial evidence produced to show that her condition was the result of the injury instead of the usual natural progress of the disease itself, and therefore there was a failure to establish her case."

An examination of the evidence will disclose substantial but conflicting evidence tending to prove that the plaintiff did or did not suffer a recurrence of tuberculosis of the lungs from the injury. Evidence tending to show that the probabilities are that plaintiff's condition after the accident resulted from the natural progress of the disease, and not as a direct result of the accident, was met by other evidence tending to show that sometimes a violent personal injury directly causes a recurrence of tuberculosis of the lungs in cases where the disease has been dormant for a period of time.

The jury had before them the testimony of expert witnesses and the satisfactory evidence that this person had become a very sick person from tuberculosis of the lungs shortly after the accident. No causes other than the accident or the natural progress of the disease have been suggested for the serious condition of the plaintiff subsequent to the accident. The verdict determined that the accident was the efficient proximate cause of the recurrence of the disease in an active form, and that determination is sustained by the evidence in this respect, although conflicting.

The principal controversy is presented by the third assignment of error. That assignment is as follows:

"That the court erred in instructing the jury that, if the jury found that plaintiff's disease had been aggravated by the injury, she could recover, in that said instruction was outside the pleadings and not included therein; . . . the plaintiff did not sue nor claim compensation for aggravating or making worse an existing present disease, but for bringing back and giving her anew a disease of which she was then at the time of the accident free."

The instruction pertains to the extent of the resultant injuries and not to the negligence causing those injuries. Appellant's position on this assignment is made plain in its reply brief. It states briefly that—

"What we do contend is, and that is the situation here, that when the plaintiff has seen fit to particularize and claim damages for certain set forth injuries, that in such a case the plaintiff is limited to his recovery to the particular injuries alleged. . . . First, we would call attention to the point made here, that this is a matter of pleading."

Hence the appellant construes the complaint as one limiting the plaintiff's recovery to the particular injury alleged to have resulted in primarily afflicting plaintiff with the disease of pulmonary tuberculosis. Appellant contends that common understanding of the allegations of the complaint is that plaintiff was free from the disease with which she had been afflicted, and that the accident brought on the disease anew. As a consequence, in instances where the court instructed the jury to the effect that plaintiff could recover damages suffered because of the aggravation of said disease, the court thereby erroneously informed the jury that a recovery may be had upon proof of resultant injuries other than the particular resultant injury set forth in the complaint.

In the complaint, paragraph 3, the circumstances leading up to the accident are set forth, and it is then alleged that—

Plaintiff was "violently thrown from said car to the ground and [she] thereby sustained the following injuries, to wit: She was greatly injured, jarred, shaken, and bruised in body; and her nervous system thereby sustained such a shock as to seriously and permanently injuriously affect and derange her physical health, as hereinafter more particularly set forth."

Appellant has considered that the clause last quoted qualifies the preceding words of the sentence as to all of the alleged injuries. Clearly, the pleader had in mind more injuries than one when he constructed the sentences. He said: "She thereby sustained the following 'injuries,'" specifying injuries

resulting from jars, shakes and bruises of the body, and injuries resulting from shock to the nervous system. The last he promised to specify more particularly in the succeeding portions of the complaint. The particular injuries resulting from the shock to her nervous system are alleged to have consisted of a recurrence of pulmonary tuberculosis—a permanent injury to plaintiff's health.

A fair understanding of the complaint with regard to particularizing the element of damages alleged to have resulted from the shock to plaintiff's nervous system is that the plaintiff means to claim damages for the resultant recurrence, the recrudescence, the "lighting up" of the pulmonary tuberculosis germs lying dormant in plaintiff's system at the time she suffered the injuries, shocks, jars and bruises from the fall off the car. The meaning of the complaint, when considered as a whole, is that plaintiff had suffered from pulmonary tuberculosis and had reached a state of health considered by her as a good state of health; that she no longer suffered from active indications as symptoms of such disease; but that such disease lay inactive, and she was no longer liable to a recurrence of such active symptoms.

She uses some indefinite and uncertain expressions, but the dominant idea running through the complaint is that the principal injury inflicted upon her directly by the accident to her is the lighting up anew of the inactive, disintegrating germs of the "white plague" —pulmonary tuberculosis—which lay dormant in her system at the time of the injury. The complaint cannot be confined to meaning that the accident originally infected plaintiff with pulmonary tuberculosis. Appellant seeks to give that meaning to the complaint because plaintiff states that she had had good health for a period of years and "was entirely free from any recurrence of said disease." At most, such

language is expressive of the pleader's conclusion of the state of her health.

The plaintiff claimed that the particular state and condition of her health described in her complaint, combining with the injuries, jars, shocks and bruises to her body, and the shocks to her nervous system, produced as a direct result the return of pulmonary tuberculosis in an active state. Certainly this is a claim that the injuries, jars, shocks and bruises suffered by plaintiff, caused by the fall, were aggravated, made worse, because plaintiff's state of health was such as made possible a recurrence of pulmonary tuberculosis. The state of plaintiff's health served to aggravate, to make worse, to cause to be more serious, the injuries to plaintiff than such injuries would otherwise have been had her state of health with regard to the disease been different.

In *Standard Oil Co.* v. *Bowker,* 141 Ind. 14, 40 N. E. 129, the plaintiff alleged that he was "in perfect health and sound physical condition," and the defendant complained on appeal that there was no sufficient proof of the allegation. In that case, as in this, the court found that sufficient evidence of the alleged fact appeared, and remarked:

"However, if there was no such evidence, we are not advised of the value of that fact in support of a motion for a new trial upon the ground that the verdict was not sustained by the evidence. The significance of evidence, or its absence, upon this question, was in determining the extent of the injury, and not the existence of injury from the fall. That there was injury from the fall there is no reasonable doubt, upon the evidence. If the presence of prior ill health or injury should have been considered by the jury, it was but to control the amount of the damages, and not as denying damages altogether."

In *Louisville, N. A. & C. R. R. Co.* v. *Snider,* 117 Ind. 435, 10 Am. St. Rep. 60, 3 L. R. A. 434, 20 N. E.

284, the court states the rule of the extent of recovery, quoting as follows:

"Where a disease caused by the injury supervenes, as well as where the disease exists at the time of the injury and is aggravated by it, the plaintiff is entitled to full compensatory damages" (citing other Indiana cases and *Ehrgott* v. *New York*, 96 N. Y. 264, 48 Am. Rep. 622; *Jucker* v. *Chicago & N. W. R. R. Co.*, 52 Wis. 150, 8 N. W. 862; *D. & R. G. R. Co.* v. *Harris*, 122 U. S. 597, 30 L. Ed. 1146, 7 Sup. Ct. Rep. 1286 (see also, Rose's U. S. Notes); *Lake Shore & M. S. R. Co.* v. *Rosenzweig*, 113 Pa. 319, 6 Atl. 545, 4 Cent. R. 712; *H. & T. C. R. Co.* v. *Leslie*, 57 Tex. 83).

3 Shearman & Redfield on Negligence (sixth edition), section 742, comments on the rule as follows:

"There is substantial uniformity of doctrine that every such subsequently developed disease which would naturally ensue from the injury, and which cannot be shown to have resulted from a sufficient independent cause, must be imputed to the author of the original injury. Though the plaintiff be afflicted with a disease or a weakness which has a tendency to aggravate the injury, defendant's negligence will still be held to be the proximate cause. . . . Aggravation of an existing disease may be allowed for in the damages awarded" (citing *Louisville R. R., Co.* v. *Jones*, 108 Ind. 551, 9 N. E. 476, 486; *Montgomery & E. Ry. Co.* v. *Mallette*, 92 Ala. 209, 9 South. 363, 366; *Bray* v. *Latham*, 81 Ga. 640, 8 S. E. 64; *Woodward* v. *Boscobel*, 84 Wis. 226, 54 N. W. 332; *Louisville etc. R. R. Co.* v. *Northington*, 91 Tenn. 56, 16 L. R. A. 268, 17 S. W. 880; *Schwingschlegl* v. *Monroe City*, 113 Mich. 683, 72 N. W. 7; *Emery* v. *Boston & M. R. Co.*, 67 N. H. 434, 36 Atl. 367).

In *Jones* v. *City of Caldwell*, 20 Idaho, 5, 48 L. R. A. (N. S.) 119, 116 Pac. 110, an Idaho case, the court held it error to refuse the following instruction:

"If you find from the evidence that the plaintiff was caused to fall by a defect in the sidewalk negli-

gently permitted to exist by the defendant, the defendant is responsible for all ill effects which naturally and necessarily follow the injury in the condition of health in which plaintiff then was at the time of such fall, and it is no defense that such injury may have been aggravated and rendered more difficult to cure by reason of plaintiff's state of health at that time, or that by reason of latent disease the injuries were rendered more difficult to cure by reason of plaintiff's state of health at that time, or that by reason of latent diseases the injuries were rendered more serious to her than they would have been to a person in robust health.''

Commenting on this instruction, the court said:

''That instruction contains a correct statement of the law upon the subject there involved, and upon the evidence introduced on the trial the instruction should have been given.  A person or corporation has no more right to negligently inflict injuries upon a sick person than upon a well person, and the existence of latent disease brought into activity by a fall or other injury would not constitute a defense to an action to recover damages for such injuries.''

In the *Douglas case,* 119 Ga. 658, 46 S. E. 867 (*Atlantic & B. R. R. Co.* v. *Douglas*), the judge charged the jury that—

''A tort to health already impaired is redressed by giving damages both for further impairment and for any obstruction occasioned by the tort to recovery from existing disease.  Wrongfully to cause or aggravate or protract illness is an injury to health; but, as I have charged you, this is a matter entirely for you to consider under the evidence and charge of the court.''

The court, after quoting such charge, says:

''Error is assigned upon this charge for the reason that there was no allegation in the petition which authorized the charge or authorized a recovery under the rule embodied in the charge, and because the same was not authorized by the evidence.  The latter

objection is not well taken. . . . Whether or not, under the petition, the theory of the case presented by the charge was properly involved in the case is the question to be determined. To determine this it is necessary to ascertain what is meant by the phrase 'good health'; for the petition describes the condition of the plaintiff before the injuries by averring simply that at the time of the injuries she was forty-one years of age, weighed 105 pounds, and was 'in good health.' ''

The court then examines the evidence and many cases, defines ''good health,'' then continues:

''When the plaintiff alleged, therefore, that she was in 'good health,' her petition is not to be construed as alleging that she was perfectly sound and free from all infirmities; and consequently, when under the evidence it appeared that she was laboring under an infirmity of which she was ignorant, but this infirmity did not interfere with the discharge by her of the ordinary duties of life, and probably would not have ever interfered with her but for the injuries resulting from the negligence of the railroad company, she was not precluded from recovering simply because it developed that the injuries to her were the result, not of the negligence of the company alone, but of that negligence and a pre-existing infirmity which up to that time had not been the occasion of any inconvenience to her.''

Logically, under a pleading which alleges that injuries negligently inflicted caused a recurrence of a serious disease, the court should permit evidence to be introduced tending to prove that such injuries so inflicted caused an aggravation of the said disease with which plaintiff was already afflicted, as such evidence is substantially responsive to the allegations in the complaint. The difference lies in the extent of loss sustained. A greater amount of loss is susceptible to proof under the allegation to the effect that a recurrence of a disease resulted than could be shown if the complaint had limited the resultant

injuries to aggravation of such disease recognized as existing at the time of the accident.

Although the complainant does not claim as special damages that aggravation of pulmonary tuberculosis resulted from the injuries, she does claim that the result of the injuries is a recurrence of pulmonary tuberculosis, and substantial evidence in the record supports that claim. Whether appellant was harmed by the instruction which permitted the jury to find as a result of the injuries a less serious condition of health, that is, aggravation of said disease, a recrudescence, a "lighting up" of said disease, is a doubtful proposition. No greater amount of damages could have been recovered as results of the injuries than would compensate for the loss. The loss arising from the aggravation of an existing disease could not be greater than the loss arising from the recurrence of that disease, if both conditions are referable to the identical accident. The loss arising from a given accident could not be attributable to both conditions, the aggravation of and the recurrence of a disease. But I see no reason why damages sustained, resulting from the aggravation of a disease, cannot be recovered where the evidence warrants such recovery, where the plaintiff has claimed a result of a more serious nature but of the same kind, viz., the recurrence of the disease.

In criminal procedure, the charge of deliberate, premeditated killing, of malice aforethought, first degree murder, the most serious crime known to the law, includes in the charge all lesser degrees of murder and also manslaughter. A charge of aggravated assault includes a charge of simple assault. Evidence to support the charge of the lesser degree of crime, or the lesser offense included in the greater charge, may always be received, and where evidence of the lesser degree or of the lesser offense is present, the instructions of the court are open to

question if they contain no reference to the lesser degrees or the lesser offense supported by the evidence. I am of the opinion that in civil cases the rule should not be more strictly enforced than it is in criminal cases. Consequently, I have no hesitancy in expressing the conviction that the instruction complained of was no more restricted than the law, reason and justice warranted; that the tendency of the instruction was to leave a broader field of inquiry to the jury and a restricted limit of recovery to the plaintiff.

The appellant, if its rights were affected at all by the use of the word "aggravated" in the instruction, was benefited thereby, or may have been benefited thereby, and not harmed.

If plaintiff was a sick woman at the time the accident happened, defendant cannot claim immunity from liability to her for its negligence because of her infirmities and sickness with any greater right than it can claim immunity from liability to a well person for its negligence causing such well person to become sick. It is the loss suffered by the plaintiff caused by the defendant's negligence that is the gist of this action. The loss is established. The extent of such loss is the matter involved in' the instruction complained of. The instruction is responsive to the evidence, and the evidence is responsive to the complaint and issues joined thereon.

It is clear that no substantial right of the defendant was affected by the instruction, including the word "aggravation" of the disease, if such form of instruction is erroneous. The error, if any, is not reversible error. Paragraph 423, Civ. Code Ariz. 1913. For the reason as indicated above, the aggravation of an existing disease resulting from wrongful injuries is not a full defense to an action charging the recurrence of such disease as the result of such wrong. If such facts are interposed in a negligence

case, they would affect the extent of the recovery
and not the right of recovery.

The *Maynard case,* 46 Or. 15, 68 L. R. A. 477, 78
Pac. 983, cited and relied upon by the appellant, does
not conflict with the view taken above. The injuries
there mentioned are different injuries producing the
same result. A better illustration of the matters
there involved is found in *Brooks* v. *Rochester Ry.
Co.,* 156 N. Y. 245, 50 N. E. 945.

The remaining assignments of error need but
slight notice. The appellant moved for a new trial
upon the grounds of material evidence newly dis-
covered. The motion was denied. This order re-
fusing a new trial is assigned as error.

The affidavits of witnesses which, appellant claims,
will furnish material evidence on another trial were
presented with the motion. The purport of the evi-
dence which, it is claimed, will be forthcoming at a
new trial, is that the plaintiff was suffering from
an active case of tuberculosis for a long time prior
to and continuing up to the time of the accident
involved. Assuming that the showing of diligence
made is sufficient, yet such testimony would not pre-
clude a recovery, as we have seen above. Moreover,
the evidence promised could be of no service to
establish any material fact other than the condition
of plaintiff's health at the time of the accident, and
thereby reduce the resultant injuries to that of
aggravation of her diseased condition. The instruc-
tion of the court permitted the jury to determine
plaintiff's damages arising from aggravation of the
disease. Additional testimony of the physical con-
dition of the plaintiff does not call for a new trial.
Testimony of witnesses which serves to contradict
the testimony of the plaintiff, if such is the nature
and purpose of the newly discovered evidence, is not
of such materiality to the case as to require a new
trial. The trial court committed no reversible error

in refusing a new trial upon the alleged grounds of material evidence newly discovered.

The remaining assignment is not argued, and will therefore require no separate discussion.

The judgment is affirmed.

ROSS and BAKER, JJ., concur.