336 P.2d 1057

**Mary J. HEBENSTREIT and John F. Hebenstreit, Plaintiffs-Appellees,**

**v.**

**ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a corporation, and P. C. Caldarelli, Defendants-Appellants.**

No. 6420.

Supreme Court of New Mexico.

Feb. 23, 1959.

Motion for Rehearing Withdrawn
April 9, 1959.

302

B. G. Johnson, W. F. Kitts, Albuquerque, for appellants.

William J. Bingham, Eugene E. Klecan, Albuquerque, for appellees.

McGHEE, Justice.

The plaintiffs filed their complaint against the defendant seeking damages resulting from injuries received by Mrs. Hebenstreit in the wreck of the Santa Fe Chief near Springer, New Mexico, in the early morning hours of September 5, 1956. Both plaintiffs had been fare-paying passengers on that train.

The two counts of the first cause of action pertaining to Mary J. Hebenstreit, alleged, in substance:

1. That she received certain injuries in the wreck itself;

2. That the wreck either caused a cancer in her, or aggravated an existing condition of cancer; or

3. Activated a dormant condition or cancer; or

4. Contributed to the growth or spread of a cancerous condition;

5. That she suffered great pain and mental anguish, for which she sought damages in the sum of $105,000.

The second cause of action pertaining to plaintiff John F. Hebenstreit, alleged that as the husband of Mary J. Hebenstreit, he had incurred medical, drug, hospital and surgical expenses for her treatment, and had been forced to hire the services of others

to care for the house and children of the plaintiffs, and had lost the consortium and services of his wife, plaintiff Mary J. Hebenstreit, for which he asked $75,000 as damages, but this was later reduced to $35,000 and count 2 of the complaint was stricken.

The defendant answered denying the allegations of the complaint, but later at a pre-trial conference admitted the wreck was caused by its negligence.

Mary J. Hebenstreit died prior to the trial and John J. Hebenstreit as administrator of her estate was substituted as plaintiff on her claims.

Jury verdicts were returned giving damages of $35,000 on the first cause of action, and for $25,000 on the second cause of action. This appeal followed.

As above stated, the defendant admits the wreck was caused by its negligence and that it is liable for all damages which the evidence reasonably establishes as a result of the injuries sustained by Mrs. Hebenstreit.

The contested issue in the case at the trial was whether the evidence reasonably established that a blow or blows sustained by Mrs. Hebenstreit aggravated or accelerated her admitted cancerous condition at the time of the wreck.

The trial court gave the following instruction on aggravation or acceleration of the cancerous condition:

"You are instructed that there can be no recovery for the effects of any condition of cancer or carcinoma contracted before the accident by Mary J. Hebenstreit unless the jury is satisfied from the evidence that such disease was aggravated by the negligent act of the defendants, and recovery could be had only to the extent attributable to the aggravation or acceleration."

The correctness of this instruction is not questioned, so the question for our determination is whether there is sufficient evidence from which the jury could reasonably measure the extent of the aggravation or acceleration of the cancerous condition caused by the trauma Mrs. Hebenstreit suffered as a result of the wreck. In this connection we state there is sufficient substantial evidence given by Dr. Tanney that an injury such as Mrs. Habenstreit suffered when thrown around in the seat in which she was riding would and did aggravate her cancerous condition. However, Dr. Tanney who performed two operations on Mrs. Hebenstreit for cancer and was not only the Hebenstreit family physician but also treated her from shortly after the wreck until her death, further testified that the extent of such aggravation *would be a matter of pure speculation.* There was no other testimony that the injury received aggravated or accelerated the cancerous condition.

Mrs. Hebenstreit, with no previous history of carcinoma or other serious illness,

was operated on for cancer of the ovaries on April 28, 1955, by Dr. A. J. Tanney. This operation disclosed that the ovaries had adhered to the surrounding tissues and to the bladder. A diagnosis of adenocarcinoma of the ovaries was made and a panhysterectomy was performed removing both the ovaries and tubes. All of the observable cancer was removed at that time and there then appeared to be no evidence of carcinoma other than in the ovaries, although there was no way of telling whether it had in fact all been removed surgically.

Mrs. Hebenstreit seemed to make a satisfactory recovery from the operation but shortly before March 8, 1956, Dr. Tanney noticed a mass in her abdomen. He operated on her for this condition on March 8, 1956, and discovered that the cancer had spread to the omentum, which is the lining, or covering, of the intestines and is above the female organs. The omentum was then removed, which left the intestines without covering. All of the observable cancer, or, as the doctor stated, all of the cancer he could see "grossly," meaning without the aid of a microscope as would be used by a pathologist, was removed. Dr. Tanney again could not be sure that all of the cancer had been removed.

At the time of the March 8, 1956, operation, a pathologist made a diagnosis of metastic anaplastic adenocarcinoma, meaning a cancer or carcinoma which has spread from or broken away from the original cancer cell and which consists of deranged cells which are rapidly growing.

Following recovery from the second operation Mrs. Hebenstreit resumed her normal household duties, doing the house work, cooking, washing, ironing, the buying of the groceries and looking after her children. In September of 1956, prior to the wreck, Dr. Tanney had seen her for a general checkup and did not feel any mass in her abdomen or detect any discomfort.

As above indicated, in September the plaintiff sustained injuries to her side and arm when the Santa Fe Chief, on which she and her family were returning to Albuquerque, collided with another train. The initial jolt of the collision twisted the seat loose and hurled her out of the seat and against the next seat which was being occupied by her little girl. She received, as she stated, a twist or blow in her side or stomach.

In addition to the blow on the side or stomach, Mrs. Hebenstreit sprained the muscles in her left arm when, as she testified in her deposition, she threw it out to brace herself. Her arm was so severely sprained that she could not raise it above her head and it continued thereafter to bother her and to be affected by damp weather so that medication was necessary to obtain relief.

After the return to Albuquerque, Mrs. Hebenstreit was able only to prepare and

put one meal a day on the table, having to hire all of the other work done. There was a steady deterioration in her condition until she passed away. Unquestionably she suffered great pain for a considerable time before her death on December 2, 1957.

As heretofore stated, the defendant-appellant admits it is liable for the injuries to the side and arm but says before it may be held in damages for the aggravation or acceleration of the cancerous condition there must be some evidence as to the amount or degree of aggravation or acceleration, and that such is lacking in the case. It recognizes the fact that it would not be possible for a witness to attribute any precise mathematical proportion to the damages actually resulting from the trauma, as compared with those resulting from the preexisting cancer but says there must be evidence sufficient for the jury to reasonably approximate the aggravation or acceleration.

In the Medical Trial Technique Quarterly (1956 Annual) 399 in an article by Theodore I. Koskoff of the Connecticut Bar, it is stated:

"In general, when symptoms appear to have been precipitated by trauma, what the usual course of the disease is in the absence of trauma, is an important factor in evaluating the effect of the disease. For in order to arrive at the conclusion that trauma accelerated the progress of a disease, one must know what the *normal* or average rate of progress of the disease is."

We have no way of knowing whether such proof might have been produced by the plaintiff, but we do know there is not such proof in the record.

The case we believe to be more nearly in point than any other cited in the briefs is that of Saunders v. Pittsburgh Railway Company, 255 Pa. 348, 99 A. 1006, 1007. That was an action for the claimed hastening of the death of his wife because of an injury suffered while she was a passenger. The wife died from apoplexy. It was not claimed that the injury caused the apoplexy but that her death was accelerated by the injury. From a verdict and judgment for the plaintiff the defendant appealed, and the Supreme Court said:

"* * * the learned court below submitted to the jury for their determination the question of fact as to how long beyond the actual time of her death Mrs. Saunders probably would have lived if she had not been injured, yet there is not a syllable of evidence which would justify the jury in reaching any definite conclusion upon that point. True, the doctors for the plaintiff said, in an indefinite way, that, in their judgment the results of the accident accelerated the demise of the in-

jured woman, but they were not asked, and did not attempt to estimate or express an opinion, as to how much the expectancy of life was shortened thereby. If the known facts did not justify the medical experts in expressing any definite view upon this aspect of the case, the jury should not have been invited or permitted to hazard a guess thereon; in this respect the assignment under consideration indicates clear error."

Here there is no testimony as to the extent of the aggravation. As heretofore shown the medical expert for the plaintiff who had performed surgery on her two times, testified it would be a matter of pure speculation to state the extent of aggravation caused by the blow or blows.

■■ The defendant is liable only for the injuries inflicted on the plaintiff and is in no way responsible for the fact that she contracted cancer and that it had spread in the abdomen prior to the injury. It is liable only for the aggravation or acceleration and the burden of proving with reasonable certainty the extent of the aggravation was on the plaintiff. Matthews v. Atchison, Topeka & Santa Fe Railway Co., 1942, 54 Cal.App.2d 549, 129 P.2d 435; Mourison v. Hansen, 1941, 128 Conn. 62, 20 A.2d 84, 136 A.L.R. 413; Waterloo Savings Bank v. Waterloo, Cedar Falls & Northern, R. R. Co., 1953, 244 Iowa 1364, 60 N.W.2d 572; Jarreau v. Toye Brothers Yellow Cab Co., La.App., 1946, 24 So.2d 700, and Connelly v. Kaufmann & Baer Co., 1944, 349 Pa. 261, 37 A.2d 125, 152 A.L.R. 555. Many other cases could be cited to the same effect but such action would only unduly prolong this opinion.

■ Uncertainty as to the amount of damages one may be entitled to receive will not prevent a recovery, but it is well settled that a judgment based on conjecture, surmise or speculation can not be sustained, and that is what we have here.

If Dr. Tanney with his superior knowledge of the condition of Mrs. Hebenstreit through the years could not give an approximation of the extent of the aggravation or acceleration, we are at a loss to understand how the members of the jury could do so.

■ There are, of course, many workmen's compensation cases holding the extent of the aggravation of a preexisting disease need not be shown, but they are not applicable in a tort action.

■ The motion of the defendants asking that the question of the aggravation of the cancerous condition not be submitted to the jury should have been sustained, and because of its denial the judgment for the

pain and suffering of Mrs. Hebenstreit must be reversed.

Because the action of the husband was based principally on damages accruing to him by reason of the aggravation or acceleration of Mrs. Hebenstreit's cancerous condition, the judgment in his favor must also be reversed.

The plaintiff-administrator is unquestionably entitled to recover for the injuries to the side and arm of Mrs. Hebenstreit and also for the nervousness, pain and suffering which can reasonably be attributed to such injuries. The former husband may also recover his proper damages, if any, for these injuries to his wife.

At another trial it may be that testimony will be available upon which the degree of aggravation may be reasonably determined by a jury or the fact finder. If not, then the question of damages accruing by reason of the aggravation or acceleration should not be considered.

For the reasons stated the judgment will be reversed and the cause remanded for a new trial in accordance with the views herein expressed and the appellant will be allowed its costs.

It is so ordered.

LUJAN, C. J., and COMPTON and CARMODY, JJ., concur.

SADLER, J., not participating.