The SWEET MILK CO., a Texas corporation, Appellant,

v.

John STANFIELD and Mary Stanfield, his wife, Appellees.

No. 19495.

United States Court of Appeals Ninth Circuit.

Dec. 23, 1965.

---

J. Gordon Cook, of McKesson, Renaud & Cook, Phoenix, Ariz., for appellant.

Kenneth Rosengren, Phoenix, Ariz., for appellee.

Before ORR *, KOELSCH, and ELY, Circuit Judges.

ELY, Circuit Judge:

Appellees, husband and wife, sought and obtained a judgment for damages alleged to have resulted from certain personal injuries sustained by the wife. Jurisdiction of the District Court rested upon a diversity of citizenship. The injuries were alleged to have been sustained in a collision between an automobile occupied by appellees and a truck owned by appellant and operated in its behalf. The collision occurred in Phoenix, Arizona, on February 22, 1962. On February 21, 1962, the preceding day, the injured appellee had been involved in another collision between vehicles, and she pressed a claim for damages for injuries sustained in that accident. That claim was adjusted by the payment of money to appellee wife at some time prior to the trial of the present case in the court below.

The trial was to a jury, and there was evidence pertaining to the extent of the injuries suffered in each accident.

Included in the jury instructions given by the trial judge was the following:

"The claim herein is based in part on the aggravation of pre-existing injuries that plaintiff sustained in a prior accident of February 21, 1962. You are instructed that you should apportion the damages if you feel that you can do so. However, if there can be no apportionment and you cannot separate or segregate the damages, then the defendant herein is liable for the entire damages." [1]

The appellant contends that such quoted instruction was prejudicially erroneous, and we are compelled to agree. The instruction follows others which properly presented the law relating to a tortfeasor's liability for aggravation of a pre-existing physical disability. The challenged instruction, however, required the jury, if it could not "separate or segregate the damages", to impose liability upon the appellant, not only for damages resulting from the accident for which it was responsible, including damages for aggravation of the pre-existing injury, but also for the whole damages resulting from the injuries sustained in both accidents. Clearly this cannot be, and should not be, the law.

The burden rests upon a plaintiff to prove the amount of damages which proximately results from the event which forms the basis of his claim. If the evidence is so evenly balanced that the finder of the facts "cannot" make a determination, then the finding should be against—not in favor of—the litigant having the burden of proof. See McCormick, Evidence § 317, at 671 (1954). The parties have directed our attention to no Arizona case in which the precise issue before us has been determined. In the absence of controlling statute or its own precedent relating to tort law, Arizona ordinarily follows the Restatement. Rodriquez v. Terry, 79 Ariz. 348,

---

* Senior Circuit Judge Orr died on October 7, 1965. He heard oral argument on appeal, was familiar with the briefs of the parties, and participated in post-argument discussions. While he did not review the opinion herein, he agreed with the result which is reached.

1. Ordinarily, the use of the word "apportion" is limited to those cases in which a portion of the entire damage is to be fixed against two or more defendants in the same case for the amount of damage inflicted by each. Here, however, it is clear that the words "apportion" and "apportionment" were used in the sense of separation of damages sustained in the first accident from those sustained in the second, including aggravation resulting from the second.

290 P.2d 248, 249 (1955); Reed v. Real Detective Pub. Co., 63 Ariz. 294, 162 P.2d 133, 137 (1945). The Restatement comments,

> "The rule stated in this Section does not apply where one of the tortfeasors causes one harm and the other causes another and distinct harm. Nor does the rule apply where a person causes a harm which is aggravated by another; while each of the two tortfeasors is liable for the harm he causes, the joint liability is limited to the aggravation. In such cases both may be liable for the harm caused by the aggravation, *but the second tortfeasor is not liable for the original harm*." Restatement, Torts § 879, comment *a* at 447 (1939). (Emphasis added.)

The force of the questioned instruction is directly opposed to the rule contained in the emphasized language from the Restatement comment. It is also opposed to the implication of the decision in Tucson Rapid Transit Co. v. Rubiaz, 21 Ariz. 221, 187 P. 568 (1920) and to a prior opinion of our court, expressed as follows:

> "The recovery, however, must not include damages for injuries which result from the original injury, but must be confined to damages for aggravation of that condition or injury." (Citation omitted.)

Union Oil Co. of California v. Hunt, 111 F.2d 269, 277 (9th Cir. 1940).

In the latter case, we were concerned with Oregon law, but the expressed principle, manifestly just, should be given universal application.[2]

■■ In Arizona, "It is well settled * * * that instructions must be considered as a whole, and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which standing alone might be misleading, does not constitute reversible error." State v. Sorrell, 85 Ariz. 173, 333

P.2d 1081 (1959); Newton v. Main, 96 Ariz. 319, 395 P.2d 360 (1964) (en banc). This is the rule in our court also. Columbia Lumber Co. v. Agostino, 13 Alaska 34, 184 F.2d 731, 736 (9th Cir. 1950); Southern Pac. Co. v. Souza, 179 F.2d 691, 694 (9th Cir. 1950). We have carefully reviewed all of the instructions given and remain convinced that the possible prejudicial effect of the erroneous instruction was not eliminated by those which were given before and after. To the contrary, its harm could have been aggravated by the sequence of instructions in which those relating to the appellant's liability for aggravating a pre-existing condition immediately preceded it.

■■ We recognize the rule that a tortfeasor is liable to the extent that his wrong aggravates a pre-existing disability, but in such case, he is liable only to the extent of the aggravation. He is not liable for the pre-existing condition as such. It is also true that one may be afflicted with a latent disability which is activated by a tortfeasor's wrong. In such a situation, the wrongdoer may be held responsible for the disability produced by his wrong even though so great a disability would have not been produced in one not previously afflicted. Here again, the wrongdoer could not be liable for the previously existing, afflicting, latent condition as such, nor for such disability as might have eventually developed from the latent condition even in the absence of external aggravation. But here, the jury was told in effect that if it found itself unable to determine the extent of damage resulting from aggravation, appellant was liable for all damages for the injuries sustained in the two accidents, in one of which appellant was not even involved. Moreover, when the jury was instructed that appellant was "liable for the entire damages" if the jury could not "separate or segregate the damages", it was not informed as to whether its members should unanimous-

---

2. The opinion in one case, Wise v. Carter, 119 So.2d 40 (Fla.Dist.Ct.App.1960) would appear to be conflicting. We disagree with the reasoning of Florida's intermediate appellate court.

ly agree upon inability to separate the damages or whether doubt on the part of any number of the jurors might require the imposition upon appellant of liability for all of the damages resulting from both accidents.

As to the issue of damages, the appellant is entitled to a new trial.

Reversed.