420 P.2d 782

Dennis George MARTIN, a minor, by his father and next friend, George Edwin Martin, and George Edwin Martin, individually, Plaintiffs-Appellees,

v.

Tom Lee DARWIN and Ray Smith Darwin, Defendants-Appellants.

No. 7922.

Supreme Court of New Mexico.

Dec. 5, 1966.

W. A. Keleher, William B. Keleher, John B. Tittmann, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Robert M. St. John, Albuquerque, for appellees.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

Aggravation of a pre-existing condition was included in the damage instruction as an item for which damages could be awarded. Defendants objected to this inclusion, claiming there was no evidence of aggravation. The objection raised two issues: (1) evidence of causal connection and (2) evidence of the extent of aggravation.

There was a two-car accident. At the time of the accident Dennis Martin was driving an automobile owned by his father, George Martin, and Tom Darwin was driving an automobile owned by his father, Ray Darwin.

Plaintiffs sought damages from defendants as a result of the collision. As a part of his damage claim, Dennis Martin sought damages for aggravation of an existing nervous condition.

Some time prior to the accident Dennis was stricken with polio, which left certain residuals. One of the residuals was a nervous condition. According to the medical testimony, he had "always been somewhat nervous since his polio."

On the issue of causal connection between the nervous condition and the accident, defendants summarize the evidence as follows:

"In the instant case Dennis Martin claimed he was 'nervous' after the accident. His mother said he was 'very, very nervous' after the accident. Dr. Royer said he was more nervous after the accident."

Defendants then say:

"However, there was no evidence of any kind to connect the accident with the nervous condition. No witness ever stated that the plaintiff, Dennis George Martin was more nervous *because of the accident.*"

Defendants accurately summarized the testimony of Dennis, his mother and the doctor. Each of these witnesses testified to Dennis' nervous condition after the accident. Two definitions of the word "after" are: "subsequent to and in consequence of" and "derived from." Webster's Third New International Dictionary, 1966; also The American College Dictionary, 1952. The witnesses testified to a nervous condition "in consequence of" or "derived from" the accident. This was testimony of a causal connection between the accident and the nervousness.

Defendants rely on Woods v. Brumlop, 71 N.M. 221, 377 P.2d 520. That case involved the submission to the jury of plain-

tiff's claim of loss of hearing as an element of damages in a malpractice action. The only testimony offered to establish causal connection between the treatment involved and loss of hearing was that of the plaintiff. There was no medical testimony establishing the causal relationship.

Woods held that the cause and effect of the physical condition there involved (loss of hearing) lay in a field of knowledge in which only a medical expert can give a competent opinion. We do not decide whether the cause and effect of the condition here involved (nervousness) must be established by expert medical testimony. Even if we assume that expert medical testimony is required to establish the nervousness, Dr. Royer's testimony met the requirement. There was evidence of causal connection for the jury to consider.

We agree that there was no evidence of extent of aggravation.

A defendant is liable only for injuries that he inflicted on a plaintiff. Hebenstreit v. Atchison, Topeka & Santa Fe Ry. Co., 65 N.M. 301, 336 P.2d 1057. Where plaintiff has a pre-existing condition and claims that defendant aggravated that condition, plaintiff must prove the extent of that aggravation. Hebenstreit v. Atchison, Topeka & Santa Fe Ry. Co., supra; Sweet Milk Co. v. Stanfield, 353 F.2d 811 (9th Cir. 1965). The extent of the aggravation must be proved because the aggravation is the injury that defendant inflicted.

Difficulty in proving extent of aggravation of the nervous condition does not justify non-application of the rule that plaintiff must prove the injury that defendant inflicted. In this case, such proof was not attempted. The family doctor testified that Dennis was nervous before the accident and "more nervous" after the accident. Dennis' mother testified that after the accident Dennis was "very, very nervous." Each witness was in a position to describe the nervous condition which pre-existed the accident. Each was in a position to describe how the condition may have changed after the accident. Neither did so, nor were they asked. Absent testimony on a comparative basis, there is no evidence of the extent of aggravation inflicted by the defendant. Marino v. Kane, 131 F.Supp. 758 (S.D.N.Y. 1955).

The extent of aggravation of a pre-existing nervous condition must be proved by the plaintiff. Louisville Taxicab & Transfer Co. v. Hill, 304 Ky. 565, 201 S.W.2d 731. Here, there was no such proof. The issue of aggravation should not have been submitted to the jury because of failure of proof. Hebenstreit v. Atchison, Topeka & Santa Fe Ry. Co., supra.

The jury returned a general verdict in favor of Dennis Martin. Thus, we have no way of determining the amount of dam-

ages, if any, that were awarded for aggravation. Since the question of damages for aggravation should not have been submitted to the jury, the damage award in favor of Dennis Martin must be set aside.

However, the appeal raised no issue concerning the liability of the defendants for negligence. In this case, the damage issue is separate from the question of negligence. The negligence question having been determined, the only matter for further consideration is the award of damages to Dennis. Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Sellers. v. Skarda, 71 N.M. 383, 378 P.2d 617.

No appeal was taken from the verdict and judgment in favor of George Edwin Martin. Accordingly, the judgment in favor of George Edwin Martin is in effect.

. ■ The cause is remanded to the trial court with instructions to set aside the judgment entered on the verdict, to enter a new judgment on the verdict in favor of George Edwin Martin and to award a new trial limited to the question of Dennis' damages, excluding therefrom any damages based upon the extent of aggravation.

It is so ordered.

CARMODY, C. J., and MOISE and COMPTON, JJ., concur.

SPIESS, Judge, Court of Appeals (dissenting).

. .I am unable to agree with the majority and, therefore, dissent.