484 P.2d 1275

Arnulfo ALVILLAR, Plaintiff-Appellee,

v.

James T. HATFIELD and Elizabeth M. Yoder, Defendants-Appellants.

No. 618.

Court of Appeals of New Mexico.

April 23, 1971.

J. Wayne Woodbury, Silver City, for defendants-appellants.

William S. Martin, Jr., C. N. Morris, Silver City, for plaintiff-appellee.

## OPINION

WOOD, Judge.

In this non-jury automobile accident case, defendants admitted liability to plaintiff "for injuries sustained." Defendants' appeal is directed to damage questions. They claim: (1) the doctor's testimony should have been stricken; (2) the cause of plaintiff's condition at the time of trial was not established; (3) the extent of an aggravation of a pre-existing condition was not proved; and (4) the damage award is not supported by substantial evidence and is excessive as a matter of law.

*Medical testimony.*

The only medical testimony offered at trial was that of a doctor called by plaintiff. The doctor testified that in connection with his examination of plaintiff he had the benefit of the reports of two other doctors and two x-ray reports. When the doctor started to testify about the x-ray reports, defendants' objection was sustained.

The doctor then related the complaints he had received from plaintiff and the objective findings from his examination. Subsequently, the doctor gave his "conclusion." This, according to the doctor, was based "* * * solely on my knowledge of Pete Alvillar as a patient since 1950." The accident occurred in February, 1969. The doctor's examination for purposes of trial was the day before the trial, which began May 26, 1970. The doctor testified he had treated plaintiff "about every three to six months" since 1950.

On his direct examination, the doctor testified that plaintiff's condition at trial did not necessarily involve an arthritic condition but that was "one of the things" to be considered. On cross-examination he testified he couldn't be sure, from his physical examination, that plaintiff's present condition was osteo-arthritis or sprain. As to which of these two items, he relied on the x-ray reports. He stated that "part" of his conclusion was based on his acceptance of the x-ray reports as quoted in the reports of two other doctors.

Defendants moved "* * * that the entire testimony of the Doctor be stricken. * * *" They contend the trial court erred in failing to do so.

■ Plaintiff's complaints to the doctor, and the history the doctor obtained from plaintiff, were admissible testimony. N.M.U.J.I. 15.2; Waldroop v. Driver-Miller Plumbing & Heating Corp., 61 N.M. 412, 301 P.2d 521 (1956). The doctor's objective findings, based on his examination of plaintiff, were admissible testimony.

■ Defendants' objection to the doctor's testimony went to the answers, elicited on cross-examination, that the doctor's conclusions were based "in part" on reports not in evidence. These answers did no more, however, than contradict direct examination testimony that the conclusions were based "solely" on the doctor's knowledge of plaintiff. The fact that cross-examination answers indicated the doctor's conclusions were based on inadmissible evidence, did not require that the conclusions on direct examination be stricken. Where, as here, there were contradictions in the testimony of the witness, the trial court was required to reconcile the contradictions and say which was the truth. Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967); compare Lucero v. Los Alamos Constructors, Inc., 79 N.M. 789, 450 P.2d 198 (Ct.App.1969).

Since the doctor gave admissible testimony, the trial court properly refused to strike the doctor's "entire testimony."

*The cause of plaintiff's present condition.*

■ Defendants are only liable for the injuries they inflicted on plaintiff. Morris v. Rogers, 80 N.M. 389, 456 P.2d 863 (1969). We proceed on the basis that the cause of plaintiff's condition, at the time of trial, was required to be established by medical testimony. See Martin v. Darwin, 77 N.M. 200, 420 P.2d 782 (1966); Woods v. Brumlop, 71 N.M. 221, 377 P.2d 520 (1962).

Defendants contend all of the doctor's testimony should have been stricken and, therefore, there is no medical evidence of causation. We have held that all of the doctor's testimony could not have been properly stricken.

■ Defendants also contend there is no medical evidence of causation if consideration is limited to portions of the doctor's testimony which was admissible. We disagree. The doctor gave his opinion that plaintiff's condition at trial "came from" the automobile accident. This opinion was based on the history received from plaintiff and the "findings" when the doctor examined the plaintiff. The opinion was on the basis of a reasonable medical probability. This is substantial medical evidence of causation. Compare Morris v. Rogers, supra.

*Aggravation of a pre-existing condition.*
Morris v. Rogers, supra, states:

"* * * Where the injury is an aggravation of a pre-existing condition, plaintiff must prove the extent of the

aggravation because the aggravation is the injury that has been inflicted. * * * Further, the extent of the aggravation must be established with reasonable certainty. * * *"

The doctor's testimony, undisputed, is that plaintiff complained of pain in both of his arms in March, 1963, and that the doctor diagnosed this as a "very mild" arthritic condition. The doctor characterized this condition as "[v]ery slowly progressive." The doctor wasn't sure, from his physical examination, whether plaintiff's condition at trial was osteo-arthritis or sprain. Nevertheless, his opinion was that plaintiff's prior arthritic condition had been aggravated.

Defendants contend the extent of the aggravation was not proved. We disagree.

■ One of the ways of proving the extent of the aggravation is by comparative testimony. Morris v. Rogers, supra; Martin v. Darwin, supra. The doctor's testimony shows the pre-existing condition to consist of complaints of pain in both arms diagnosed as a mild, slowly progressive arthritic condition.

Plaintiff's present complaints were of "constant pain in his neck since the accident," weakness of grip in the right arm with inability to lift things he formerly could, marked headaches "since the accident," numbness in the right arm (only) "all the time," and "at times" severe pain, and a "constant dizzy feeling." These changes in the complaints are corroborated by non-medical witnesses. Compare Martin v. Darwin, supra.

■ The doctor's findings were: marked tenderness and spasm of the muscles and spinous processes of the cervical vertebrae which was most apparent in the mid-cervical area; marked weakness in the grip of the right hand as compared to the left hand; decreased sensation to light touch over the right hand; marked pain on flexion and extension of the neck; extremes of rotation of the neck caused "severe pain" and increased numbness in the arm; on depression of the right shoulder there was aggravation of the numbness and pain in the entire right arm. The doctor testified these findings showed tenderness and disarrangement of the nerve roots of the right neck; that this was consistent with the tenderness he found at the base of the skull, in the scapula and the thoracic and lumbar regions of the spine.

The doctor concluded "there has been a marked aggravation of the symptoms." While the previous arthritic condition was slowly progressive, there had been a "marked worsening;" "[t]here was something that made it get so markedly worse." The doctor's opinion was this marked change resulted from the automobile accident.

The comparative testimony, which is substantial and uncontradicted, shows the extent of the aggravation of the pre-existing condition.

Under this point, defendants also complain about the trial court's findings. Because the evidence of the pre-existing arthritic condition was undisputed, they assert the trial court was required to find this pre-existing condition existed and also find the extent of the aggravation of this pre-existing condition. This issue does not involve the proof before the trial court; it involves the form of the findings made by the trial court.

If requested, the trial court was required to find the ultimate facts necessary to determine the issues. Section 21–1–1(52) (B) (a) (6), N.M.S.A.1953 (Repl.Vol. 4); Rutledge v. Johnson, 81 N.M. 217, 465 P.2d 274 (1970). An ultimate fact in this case would be that plaintiff was injured as a result of the collision. Such a finding was made.

■ Because this case involves the aggravation of a pre-existing condition, another ultimate fact would be the extent of the aggravation since that is the injury inflicted by defendants. Compare Rutledge v. Johnson, supra. No such finding was made. However, neither side requested a finding as to the extent of the aggravation. Defendants' requested findings, which

were refused, went only to evidentiary matters or the asserted failure to prove the extent of the aggravation. The trial court did not err in refusing to make evidentiary findings. McCleskey v. N. C. Ribble Company, 80 N.M. 345, 455 P.2d 849 (Ct.App. 1969). Nor did it err in refusing to find the extent of the aggravation had not been proved since the undisputed comparative testimony established the extent of the injury.

Since the trial court was not requested to find the extent of the aggravation, defendants are not in a position to complain of the absence of such a finding. Nosker v. Western Farm Bureau Mutual Ins. Co., 81 N.M. 300, 466 P.2d 866 (1970).

*The damage award.*

The trial court awarded $15,000.00 damages.

Defendants assert the award is not supported by substantial evidence and is excessive as a matter of law. In support of this contention they review the evidence most favorable to their position. This, of course, is incorrect. The evidence is to be reviewed in the light most favorable to support the damage award. Rutledge v. Johnson, supra; Schrib v. Seidenberg, 80 N.M. 573, 458 P.2d 825 (Ct.App.1969); Maisel v. Wholesome Dairy, Inc., 79 N.M. 310, 442 P.2d 800 (Ct.App.1968).

The trial court found that the injury plaintiff suffered in the accident was "permanent." Defendants assert, and requested a finding, that there is no evidence that plaintiff's aggravated condition is permanent. We agree, since permanent injury means permanent disability or permanent damage. Morris v. Rogers, supra; Garcia v. Southern Pacific Company, 79 N.M. 269, 442 P.2d 581 (1968). There is no evidence that plaintiff suffered either permanent disability or permanent damage as a result of the collision.

The doctor was not asked about permanent injury. The doctor testified that plaintiff "will get worse in time," but the doctor was not asked about the length of time involved or about any future worsened condition. The trial court awarded damages for "injuries, disability, pain and suffering." We cannot determine from the record whether the award for "injuries" included damages based on the erroneous finding of permanent injury.

The evidence of plaintiff's physical symptoms caused by the accident, of the change in his ability to work, and of his pain, is substantial and supports the damage award. However, no claim is made that these items show a permanent injury. See Morris v. Rogers, supra. Because we cannot determine whether a portion of the damage award is based on the erroneous finding of "permanent injury," we cannot affirm the damage award.

The judgment is reversed. The cause is remanded with instructions to make new findings as to plaintiff's damages, excluding any damages for a "permanent injury," and enter a new judgment consistent with the findings. The new findings are to be made on the basis of the record, without taking additional evidence. Compare Morris v. Rogers, supra.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.