[No. 3072. July 30, 1925]

D. M. MILLER & CO. v. SLEASE et al.

### SYLLABUS BY THE COURT

1. Under section 1, c, 43, Laws of 1917, an attempted taking or granting of an appeal prior to entry of judgment is premature.

2. A party, moving to docket and affirm under section 22, c. 43, Laws of 1917, must present a transcript containing an order allowing an appeal from judgment.

3. The record showing a judgment dated February 5th and filed February 25th, reciting that an appeal was prayed for in open court, and "is hereby granted", a motion to docket and affirm, filed May 11th, must be overruled, since, if the order granting the appeal is given effect as of February 5th, the appeal was premature, and, if given effect as of February 25th, the motion was premature.

Appeal from District Court, Sierra County; H. P. Owen, Judge.

Action by D. M. Miller & Co., a copartnership, against Wm. D. Slease and others. Judgment for defendants, and plaintiffs appeal. On motion to docket and affirm. Motion overruled.

H. A. Wolford, of Hillsboro, and J. G. Fitch, of Socorro, for appellants.

Edward D. Tittmann, of El Paso, Tex., for appellees.

OPINION OF THE COURT

WATSON, J. By skeleton transcript filed May 11, 1925, it appears that on February 25, 1925, there was filed in the office of the clerk of the district court a judgment in favor of plaintiffs, concluding as follows:

" * * * To all of which defendants * * * duly except, and pray an appeal in open court, which said appeal is hereby granted.

"Done at Hillsboro, N. Mex., this 5th day of February, 1925."

On such skeleton transcript, plaintiffs move to docket and affirm, on the ground of failure to perfect the appeal by the filing of transcripts within 80 days after taking of the appeal. See sections 21 and 22, c. 43, Laws of 1917.

It is plaintiffs' contention that, from the record before us, the appeal was "taken" February 5th, and hence the time for filing transcripts had passed on May 11th. Defendants contend that the appeal was not taken until February 25th, and hence the time had not passed.

[1, 2] The parties seem to agree that the time within which an appeal may be taken begins to run from the entry to judgment. Section 1, c. 43, Laws of 1917. In this they are doubtless right. That date is shown to be February 25th. Appeals are taken from judgments. Until judgment is entered, there can be no appeal. Section 1, c. 43, Laws of 1917. Therefore, if plaintiffs are right in their contention

as to the date, there was merely a premature attempt to appeal. The right to docket and affirm is dependent on the production and filing of a transcript containing, inter alia, the order allowing the appeal. Section 22, c. 43, Laws of 1917. Under plaintiffs' own theory, therefore, their motion cannot be sustained.

We do not intend to hold that this record shows an abortive attempt to take an appeal effective as of February 5th. It may be well argued that an appeal was taken effective as of February 25th. It is to be observed that, while the record shows that the appeal was prayed for in open court, it does not purport to have been then and there granted. It was "hereby granted." It could be argued that the granting was in connection with, and intended to be effective with, the judgment. Under plaintiffs' theory, if 80 days, instead of 20, had elapsed between the teste and the entry of the combined judgment and order granting the appeal, there would have been no time left within which to prepare transcripts for the perfection of the appeal. Again, we might hesitate to hold that the single document set out in the transcript is effective in its character as a judgment from February 25th, and in its character as an order granting an appeal from February 5th.

[3] These questions which have been suggested in argument we need not here decide, nor need we decide whether an appeal is "taken" when applied for, or when an order granting it is filed. The latter question was raised in Simmers v. Boyd, 26 N. M. 208, 190 P. 732, but not passed upon. We merely decide now that under neither theory can plaintiffs sustain their motion. If the appeal was "taken" February 25th, the motion was prematurely filed. If the appeal was attempted to be "taken" and intended to be granted on February 5th, it was premature, and is not such an appeal as admits of an affirmance of the judgment.

The motion should therefore be overruled, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.