[No. 3072. Oct. 26, 1925:]

D. M. MILLER & CO. v. SLEASE et al

[240 Pac. 811.]

### SYLLABUS BY THE COURT

When appeal is prayed in open court, and an order granting it is incorporated in the judgment, the judgment and the order take effect simultaneously, the appeal is not premature, and citation is unnecessary.

Appeal from District Court, Sierra County; Owen, Judge.

Action by D. M. Miller & Co. against Wm. D. Slease and others. Judgment for defendants, and plaintiffs appeal. Defendants move to strike the transcript and to dismiss the appeal. Motion overruled.

H. A. Wolford, of Hillsboro, J. G. Fitch and D. H. Wolford, of Socorro, for appellants.

E. D. Tittmann, of El Paso, Tex., for appellees.

### OPINION OF THE COURT

WATSON, J. While appellees move, both to strike the transcript and to dismiss the appeal, we find no ground assigned nor urged for the former action.

The cause was formerly before us on motion to docket and affirm. That motion was denied. D. M. Miller & Co. v. Wm. D. Slease, 30 N. M. 469, 238 P. 828. In disposing of that motion, we found it un-

---

[1] 3CJ p. 1077 n. 88; p. 1204 n. 74.

necessary to decide whether the appeal was premature. Here the question is squarely raised. As stated in the former opinion, the judgment was filed February 25, 1925, but bore date February 5, 1925, and contained allowance of appeal in this language:

"* * * To all of which defendants * * * duly except, and pray an appeal in open court, which said appeal is hereby granted."

Much is said in the briefs about the practice, common in this jurisdiction, of incorporating in the final judgment an order granting appeal therefrom. Our own experience and the records of this court afford sufficient evidence of it. Of course, when that is done, both the prayer in open court and the signing of the order granting appeal occur before the entry of the judgment. Appellees' argument would condemn to dismissal all appeals taken in that manner. The present case differs only in degree. Here, 20 days elapsed between signing of the order and entry of judgment. In any appeal, so taken, in the nature of things, some time must elapse. Appellees have found no case actually in point, calling attention only to the rule and the authorities to the effect that an appeal, taken prematurely, must be dismissed for want of jurisdiction. This rule we recognized in the opinion on the former motion. They frankly say:

"That this question must be decided by this court on its own interpretation of the statutes, tempered with such considerations of the court's power and purpose as to the court may seem most desirable."

The legislative "design" in allowing appeals to be taken in open court is developed in Gomez v. Ulibarri, 23 N. M. 501, 169 P. 301. Ordinarily, as we are well aware, the drafting of the judgment, presenting it to the judge for signature, and filing it with the clerk for entry are assumed by, or intrusted to, the counsel for the prevailing party. So an appeal taken, as in this case, is fairly within the rule of Gomez v. Ulibarri, supra. Necessity, in the interest of orderly procedure, surrounds our appellate practice with sufficient technicality. We are disposed to liberality when permitted, remembering that our real function is to decide causes

on their merits. Unless we entirely condemn the taking of appeals by the means her en, we cannot adopt appellees' views without leaving the way open for counsel, by accident or design, as illustrated in our former opinion, to shorten the time which the Legislature contemplated for perfecting appeals, or to cut it off entirely. We do not see the necessity for doing either. Without doing violence to any regulation binding upon us, we think we may hold that where an appeal is prayed in open court, and an order granting it is incorporated in the judgment, the judgment and the order take effect simultaneously. In such case, the appeal is not premature, and citation is unnecessary.

In passing on the motion, we have confined ourselves to the record before us. Both parties submitted, in connection with the former motion, showing of facts dehors the record. These we have disregarded, following Timm v. White, 27 N. M. 219, 196 P. 173. However, there is nothing in the showing which would lead to a different result.

On the principles stated, we overrule the motion; and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.