365 P.2d 910

DRIVER–MILLER CORPORATION, a corporation, and Miller Metal Company, a corporation, Plaintiffs-Appellants,

v.

J. S. LIBERTY and William G. Barber, d/b/a Barber Construction Company, Defendants-Appellees.

No. 6941.

Supreme Court of New Mexico.

Oct. 5, 1961.

Rehearing Denied Nov. 1, 1961.

September 10, was a Saturday. Upon motion, the district court dismissed the appeal. This appeal is from the order vacating the order allowing appeal.

Under Supreme Court Rule 5, subd. 1, § 21–2–1(5) (1), N.M.S.A.1953 Comp., appeals are permitted to be taken "within 30 days from the entry of final judgment" and not otherwise. There is a single exception to this limitation, not applicable here. Also, there is a provision, not here involved, for termination of the running of the time for appeal. This court has no jurisdiction unless the appeal is allowed within the time provided by the rules, and we have no discretion nor can the requirement be waived. William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126; Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882.

Appellant contends that when the 30th day after entry of the judgment appealed from falls on a Saturday, the order granting appeal filed on the following Monday complies with the rule. However, the method of computing the time within which such order must be filed is prescribed by Rule 6(a) of the Rules of Civil Procedure for district courts, § 21–1–1(6) (a), N.M.S.A.1953 Comp., which reads:

> "(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of

J. Ernest Corey, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

NOBLE, Justice.

The single question presented is whether the time for perfecting an appeal to the Supreme Court is extended to the next business day when the 30th day after entry of the judgment appealed from falls on Saturday. Judgment was entered on August 11, 1960 by the district court of Bernalillo County, and an order granting appeal was filed September 12, 1960, thirty-two days after entry of the judgment. The 30th day,

the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

When the 30th day after entry of a judgment appealed from falls on a Saturday which is not a legal holiday, an order granting appeal filed on the following Monday is not timely filed. MacNeil Bros. Company v. Cohen, 1 Cir., 264 F.2d 190.

Appellant asserts that Saturday should be construed as a holiday because many public offices, including the district courts in Bernalillo County are closed on Saturdays. We find no support in the record for the assertion; but even if there was, it is plain that Rule 6(a) extends the period only when the last day falls on Sunday or a legal holiday, and it is conceded that Saturday, September 10, 1960, was not a legal holiday as defined by New Mexico Statutes. The words "legal holiday" as used in Rule 6(a) mean legal holidays defined as such by statute.

Appellant next argues that the rule of computation is one applicable only to district courts and is not binding on us in construing our Rule 5, subd. 1. We are not impressed by the argument. Jurisdiction is conferred upon this court (prior to the effective date of Supreme Court Rule 5, subd. 5, as amended, not here applicable) in appeals from district courts, by the entry of a timely order of the district court allowing such appeal, and Rule 6(a) is applicable in determining its timeliness.

An examination of the authorities relied upon by appellant discloses that they only extended the period of time prescribed by rule or statute when the last day thereof was on Sunday or a legal holiday, a result which is specifically accomplished by our Rule 6(a).

Under the facts here present, therefore, there is no error in the order appealed from and it will be affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.

On Motion for Rehearing

Appellants seek rehearing on the ground that after argument, but before the opinion, a motion for diminution of the record pursuant to Rule 14, subd. 12 had been filed and was not acted upon by us. The motion was not called to our attention until appellants' motion for rehearing.

An examination of the motion for diminution of the record shows it to consist of an affidavit by counsel for appellants attached to the motion filed in this

court. Rule 14, subd. 12 contemplates a correction, completion, perfection or recertification of the record in the trial court certified by the judge or clerk of that court, not the filing of some new matter in this court which is not a part of the record below. On appeal, the Supreme Court only considers the record certified from the trial court.

Appellants assert that on authority of Adams v. Tatsch, 68 N.M. 446, 362 P.2d 984, their diligence met the test to confer jurisdiction on this court. They misconstrue the basis of that decision. We said that failure to obtain timely allowance of an appeal is jurisdictional but that there it was made to appear, by a supplemental record certified by the clerk of the district court, that the order allowing the appeal was mailed by the district judge with more than enough time for it to have been received by the clerk before the 30 days elapsed. That decision was grounded on the presumption of the receipt of the order by the clerk in the due course of mail and that it was actually received by the clerk within the 30-day period.

Our original opinion is affirmed and the motion for rehearing is denied.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.