429 P.2d 647

**W. A. BOULDIN and Edward C. Green, Co-partners, d/b/a Hotel Shiprock, Plaintiffs-Appellants,**

**Sun Insurance Company of New York, Plaintiff in Intervention-Appellant,**

**v.**

**BRUCE M. BERNARD, INC., Defendant-Appellee.**

No. 8228.

Supreme Court of New Mexico.

July 10, 1967.

Smith & Ransom, L. A. McCulloch, Jr., Albuquerque, for appellants.

Shaffer, Butt & Bass, Turner W. Branch, Albuquerque, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

The threshold question is one of jurisdiction.

The defendants filed a motion to dismiss the plaintiffs' complaint. The motion was argued on June 27, 1966, and at the conclusion of the hearing the trial court announced to counsel that the motion would be sustained. On July 1, 1966, the plaintiffs filed notice of appeal. The transcript of record was filed in this Court on September 2, 1966. Thereafter, it was discovered that no written order sustaining the motion to dismiss had ever been entered. An order was prepared, signed by the trial judge, and filed with the clerk of the trial court on October 5, 1966. Certiorari for diminution of the record caused the order to be added to the transcript of the record here. No other notice of appeal has been filed.

Section 21–2–1(5) (1), N.M.S.A. 1953, also appearing as Rule 5, subd. 1, of the Supreme Court Rules, provides for appeals within thirty (30) days from the entry of any final judgment. This statute has been construed in Curbello v. Vaughn, 76 N.M. 687, 417 P.2d 881; State ex rel. Reynolds v. McLean, 74 N.M. 178, 392 P.2d 12; State v. Morris, 69 N.M. 89, 364 P.2d 348. In each case we held that appeals will lie only from a formal written order or judgment signed by the judge and filed in the case, or entered upon the records of the

court and signed by the judge thereof. In the hope that the likelihood of a recurrence of this regrettable situation will be minimized, we would here again repeat, that an oral ruling by the trial judge is not a final judgment. It is merely evidence of what the court had decided to do—a decision that the trial court can change at any time before the entry of a final judgment.

The notice of appeal was prematurely filed and it was a nullity. The subsequent entry of a final order does not activate the notice of appeal so as to constitute compliance with § 21–2–1(5) (1), supra. See 3A Barron and Holtzoff, Federal Practice and Procedure (Rules ed.) § 1553.

The appeal must be dismissed. It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and COMPTON, JJ., concur.