510 P.2d 515

William Robert WESTBROOK and Peggy
Westbrook, Plaintiffs-Appellants,

v.

LEA GENERAL HOSPITAL, J. C. Strance
and Charles H. Hargreaves, Defend-
ants-Appellees.

No. 1081.

Court of Appeals of New Mexico.

May 16, 1973.

Rehearing Denied June 5, 1973.

Certiorari Denied June 15, 28, 1973.

Merrill L. Norton, Lovington, for plaintiffs-appellants.

Lowell Stout, Hobbs, for defendant-appellee Lea General Hospital.

Robert E. Sabin, Bob F. Turner, Atwood, Malone, Mann & Cooter, Roswell, for defendant-appellee Strance.

C. Gene Samberson, Jerry L. Williams, Heidel, Samberson, Gallini & Williams, Lovington, for defendant-appellee Hargreaves.

## OPINION

LOPEZ, Judge.

This action arose from the alleged malpractice of the defendants. Plaintiffs introduced evidence that, after surgery, a tube was allowed to slip into Peggy Westbrook's abdomen. The theory of liability against the hospital was that a nurse, employed by the hospital, was present when the incident occurred but failed to report the incident. Plaintiffs called the nurse as a witness. The nurse denied that she saw the tube incident. The court held that plaintiffs were bound by the nurse's testimony and announced to the jury that Lea General Hospital had been dismissed from the case. Only the case against the physicians was submitted to the jury. It awarded Peggy $189.00 and her husband $120.00. Plaintiffs unsuccessfully moved for an additur or in the alternative, a new trial.

Plaintiffs raise two points for reversal: (1) that the contradictory evidence concerning the tube was not binding thus making the dismissal of the hospital improper; (2) that the motion for additur or a new trial was erroneously denied.

We affirm in part and reverse in part.

(1) *Dismissal of Lea General Hospital was erroneous.*

Two procedural matters require discussion before reaching the merits.

First, there is a question as to whether a final judgment was entered as to the hospital. Since appeals lie only from a formal written order or judgment signed by the judge, Bouldin v. Bruce M. Bernard, Inc., 78 N.M. 188, 429 P.2d 647 (1967), the oral dismissal by the trial court is an insufficient basis for an appeal.

The "final judgment" entered by the trial court does not expressly state that the hospital is dismissed. However, that judgment does recite that the hospital ". . . was . . . released on motion. . . ." "The particular form of judgment, order or decision is of no consequence, so long as it can be ascertained therefrom what rights, if any, of the respective parties have been determined thereby. . . ." Garver v. Public Service Company of New Mexico, 77 N.M. 262, 421 P.2d 788 (1966). Where the language of a judgment is clear and unambiguous, it must be enforced as it speaks. But when the meaning is obscure or ambiguous, the entire record may be resorted to for the purpose of construing the judgment. Hollingsworth v. Hicks, 57 N.M. 336, 258 P.2d 724 (1953).

It can be ascertained from the judgment what rights have been determined. Plaintiffs' claim against the hospital has been dismissed. An ambiguity occurs, however, because the wording "was released" may be taken as referring to the oral dismissal or may be taken as a dismissal in the judgment itself. Accordingly, we construe the judgment to be a dismissal of plaintiffs' claim against the hospital; this construction is supported by the record. We hold there is a final judgment in favor of the hospital.

Second, plaintiffs' notice of appeal is asserted to be insufficient. This argument is addressed to the language in the notice of appeal which states: ". . . Plaintiffs herewith give notice that they also appeal the ruling . . . wherein . . . Lea General Hospital, was released on motion during the progress of the trial. . . ." The hospital contends this language does not give notice of appeal from the judgment which was entered, but from the trial court's oral ruling. The intent to appeal from the dismissal in favor of the hospital clearly appears. We hold the notice of appeal is sufficient. Nevarez v. State Armory Board, 84 N.M. 262, 502 P.2d 287 (1972).

In this case the plaintiffs were not bound by the testimony of their own witness however damaging the testimony might have been. The plaintiffs' testimony contradicted the testimony of the nurse.

Plaintiffs in a negligence action are bound by their own evidence. Romero v. Turnell, 68 N.M. 362, 362 P.2d 515 (1961); Harless v. Ewing, 81 N.M. 541, 469 P.2d 520 (Ct.App.1970). However, if the evidence is contradictory and inconsistent, as in the present case, it is the function of the jury to decide where the truth lies and not the function of the court to decide such issues as a matter of law. Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487 (1970).

The hospital asserts the dismissal of plaintiffs' claim against it was correct even though the reason given by the trial court is incorrect. On this basis it urges the dismissal should be affirmed.

We disagree. The points argued are: (1) the evidence is insufficient to show the hospital breached any duty to plaintiffs; (2) plaintiffs' damages were not caused by any breach of duty by the hospital; (3) plaintiffs were contributorily negligent. Each of these three points are presented as a matter of law. These points may not be disposed of as a matter of law because under the evidence presented by plaintiffs, these are factual matters to be decided by the jury. See Lujan v. Reed, 78 N.M. 556, 434 P.2d 378 (1967).

The hospital also contends that no useful purpose would be served by a reversal. It asserts that once the damages assessed against the doctor defendants have been paid, plaintiffs would be precluded from any additional recovery as it is contrary to

the policy of the law for any person to collect duplicate damages for the same injury.

■ While duplication of damages would not be proper, Industrial Supply Company v. Goen, 58 N.M. 738, 276 P.2d 509 (1954), we cannot say, as a matter of law, that any award of damages against the hospital would duplicate the award made against the doctor defendants. A defendant can only be liable for damages that the particular defendant caused. Martin v. Darwin, 77 N.M. 200, 420 P.2d 782 (1966). If the hospital is found to be liable to plaintiffs, the hospital can only be liable for such damages as it caused. While plaintiffs could not recover a second time for the damages awarded against the doctor defendants, under the evidence, a jury could award damages against the hospital which it did not assess against the doctor defendants.

■ The dismissal of plaintiffs' claim against the hospital is erroneous.

(2) *The trial court did not err in denying plaintiffs' motion in the alternative for additur or new trial based on the ground that the damages awarded were so grossly inadequate as to conclude that such verdict was rendered by the jury in total disregard of its duty to render a fair and impartial verdict.*

The plaintiffs contend that the amounts awarded by the jury which were $189.00 to Peggy and $120.00 to her husband were a result of its being motivated by passion, prejudice or partiality against the plaintiffs and that the awards should shock the conscience of this court. Plaintiffs base their contentions on the ground that on the third day of the trial, just prior to the defendants' introducing their witnesses and commencing their defense, the court made the following announcement to the jury:

"THE COURT: Ladies and Gentlemen of the jury, after hearing arguments yesterday afternoon and again this morning, I have dismissed the defendant Lea General Hospital from the

lawsuit. Your consideration now will be as to Dr. J. G. Strance and Dr. Charles H. Hargreaves. Proceed for Dr. Strance."

The plaintiffs contend that the hospital's dismissal from the suit had the effect of telling the jury that the testimony of the plaintiffs throughout the trial was unreliable and insufficient. One of plaintiffs' witnesses was a nurse from the hospital who testified contrary to Peggy's testimony regarding the tube slipping into her abdomen.

The case was tried against the physicians and submitted to the jury on three theories:

"(1) Defendant Doctor Strance failed to properly inform Plaintiff Peggy Westbrook of the probable risk inherent in the surgical procedures which he was to perform on her and Plaintiff Peggy Westbrook would not have submitted herself to the surgical procedures had she been properly advised of such inherent risk.

"(2) Defendant Doctor Strance negligently removed the gallbladder.

"(3) Defendant doctors failed to remove a drainage tube from the abdomen of Plaintiff Peggy Westbrook."

■ The case was tried against the hospital up until its dismissal on the theory that its agent, the nurse, failed to inform the hospital authorities of the physicians' alleged negligence in allowing the tube to slip into Peggy's abdomen and to remain there. The theory of negligence against the hospital was different from the theories of negligence against the physicians. Therefore, the dismissal of the hospital and the announcement of the court to the jury of such action was not prejudicial to the plaintiffs' case against the physicians. The jury found in favor of the physicians on all the issues with the exception of the tube and the monetary award. In effect, the jury found that the physicians were not guilty of malpractice relative to the re-

moval of the gallbladder and in the alleged failure of the physicians to inform Peggy of the risk involved in the operation.

There was testimony that $35.00 was a sufficient amount to remove the tube from Peggy's abdomen. Certainly there was conflict in the testimony by the plaintiffs and the physicians regarding the matter of the tube and its effect on Peggy.

Our Supreme Court and this court have said time and time again that only the trier of facts may weigh the testimony, determine the credibility of witnesses, reconcile inconsistent or contradictory statements and determine where the truth lies. Durrett v. Petritsis, supra. The fact that there may have been contrary evidence which may have supported a different verdict does not permit this court to weigh the evidence.

We hold that the awards by the jury were supported by substantial evidence. We have viewed the evidence in the light most favorable to sustain the awards. Schrib v. Seidenberg, 80 N.M. 573, 458 P.2d 825 (Ct.App.1969); Sweitzer v. Sanchez, 80 N.M. 408, 456 P.2d 882 (Ct.App.1969).

The matter of adequacy of monetary awards in a negligence case is a matter particularly within the province of the trier of facts and its decision will not be disturbed except in extreme cases. Powers v. Campbell, 79 N.M. 302, 442 P.2d 792 (1968); Chavez v. Atchison, Topeka and Santa Fe Railway Co., 77 N.M. 346, 423 P.2d 34 (1967). In Powers v. Campbell, supra, the court stated:

> "The guideline for setting aside awards of trial courts is set out in Hammond v. Blackwell, 77 N.M. 209, 421 P.2d 124, which states:
>
> "'. . . An [alleged] inadequate award will not be disturbed on appeal unless it appears to have resulted from passion, prejudice, partiality, undue influence or some corrupt cause or motive, where there has been palpable error or the measure of damage has been mistaken.'"

The case before us is not extreme and does not come within the above rule. A review of the record in the present case reveals that the awards by the jury to the plaintiffs were not a result of any partiality, passion, or prejudice. Schrib v. Seidenberg, supra.

The dismissal of plaintiffs' claim against Lea General Hospital is reversed and this cause is remanded for proceedings consistent with this opinion. The judgment of the lower court with respect to the two physicians, Dr. Strance and Dr. Hargreaves is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.