**PARK CITY UTAH CORPORATION, a corporation, et al., Plaintiffs and Respondents,**

v.

**ENSIGN COMPANY, a Limited Partnership, et al., Defendants and Appellants.**

**No. 15410.**

Supreme Court of Utah.

Oct. 23, 1978.

Wendell E. Bennett, Clark R. Nielsen, Warren Patten and Charles B. Casper of Fabian & Clendenin, Salt Lake City, for defendants and appellants.

Don R. Strong, Springville, for plaintiffs and respondents.

MAUGHAN, Justice:

Defendant appeals from a motion for partial summary judgment wherein plaintiff was awarded $98,000. The judgment is affirmed. No costs awarded. All statutory references are to U.C.A., 1953.

This present action is the culmination of the efforts of plaintiff, by a series of motions, to implement a judgment on stipulation rendered July 23, 1971. The judgment by stipulation was predicated on a complaint wherein it was alleged a dispute existed between plaintiff and defendants concerning their respective interests in certain properties subject to an agreement, which was attached to the pleadings as Exhibit A. Plaintiff sought a declaratory judgment wherein the properties would be divided and distributed as contemplated by the parties pursuant to the agreement. The de-

fendant, Ensign Company, was a limited partnership, with Robert W. Ensign, as the general partner. In this present appeal Ensign alone appeals, although there were two other defendants, namely, Ski Park City West, Inc. and Aspen Grove, Inc. (the name of which was changed to National Property Management, Inc.), two corporations.

Exhibit A, the agreement attached to the complaint, was dated January 24, 1967, and set forth the terms for the development of a recreational ski resort by Major-Blakeney Corporation and Robert W. Ensign. The complaint alleged Ensign's interest was assigned to Ensign Company and the corporate defendants acquired an interest in the property. All of the interest in the agreement and to the properties of Major-Blakeney Corporation was assigned to plaintiff, Park City Utah Corporation on June 26, 1968.

The 1967 agreement provided:

5. Ensign shall be responsible for paying any and all cash consideration, fees, charges and other costs initially and subsequently required to acquire good title to the land which will be conveyed through escrows; this to include installments that become due upon promissory notes secured by mortgages or other security instruments, covering encumbered land thus purchased. . . .

To terminate their dispute regarding the 1967 agreement and the proper division of property acquired pursuant thereto, the parties entered into a judgment on stipulation. In addition to awarding each party specific parcels, the judgment provided:

It Is Further Ordered That for the protection of the existing original sellers and third party purchasers the defendants shall without restriction or limitation, except as herein provided, apply third party purchasers proceeds to original seller obligations.

A. On receipt of third party proceeds not heretofore assigned and pending disbursements thereof to original seller obligations, the defendants shall deposit said proceeds in a separate trust account, the

establishment, terms and conditions of withdrawal therefrom to be subject to the approval of plaintiff. It is the intent hereof that said proceeds are to be segregated from the general funds, accounts and expenditures of defendants and applied only to original seller obligations, and are to be received and held in trust by the defendants to insure performance of the obligations to the original sellers.

\*　　\*　　\*　　\*　　\*　　\*

It Is Further Ordered That the above stated procedure of permitting defendants to apply third party purchaser proceeds to original seller obligations shall not be construed or interpreted as a waiver, modification or alteration of any other basic agreement or agreements between the parties and should the defendants fail to perform as herein ordered, this payment procedure is without prejudice to plaintiff to revoke the same and reinstate the original contractual prohibition against said payment procedure.

It Is Further Ordered That the above stated payment procedure does not alter, amend or modify defendants' obligations to original sellers or third party purchasers and is without prejudice to plaintiff invoking all of its rights and remedies against defendants in the event of breach or default.

Subsequent to the entry of the judgment, defendants did not discharge their obligations to the original sellers on certain parcels of land awarded to plaintiffs. (It should be interjected that although defendants had the duty to pay for all the land in the project, the proceeds from third party sales were to be used for this purpose. The land was to be equally divided between plaintiff and defendants; each then sold an equal amount of land to third party buyers, the proceeds from which would be sufficient to pay for the entire acquisition cost.)

Pursuant to a hearing held on February 27 and 28, 1975, an order of the court was issued April 8, 1975, wherein the court ruled the judgment on stipulation was final, valid, and binding. It also ruled it was the duty of the defendants to pay and discharge the purchase money obligations on the land divided to plaintiffs. The court further ordered a means to determine the amounts currently due and owing upon the original purchase money obligations. The court granted plaintiff's motion for leave to execute as to amounts sufficient to discharge the outstanding purchase money obligations for the release of the land. Thereafter a writ of execution for the sum of $76,653.53 was issued; it was returned unsatisfied. Subsequently, plaintiff filed a motion for a money judgment in the sum of $98,000. According to the motion this amount represented the sum required to release parcels 7, 8, 9, 10, 11, 12, which should have been released by the defendants making the necessary payments as required by the judgment on stipulation of 1971, and the court orders of April 8 and November 6, 1975. Pursuant to this motion, plaintiff moved for partial summary judgment.

In its motion for summary judgment, plaintiff set forth as grounds the judgment on stipulation of July 23, 1971, had been deemed by the court a valid, subsisting decree binding upon all parties thereto. The judgment of July 23, 1971, ordered defendants to discharge the outstanding purchase money obligations encumbering the land awarded to plaintiff, sufficient to cause the release of the property to plaintiff and third party purchasers. Defendants had defaulted on these obligations. The court had confirmed the foregoing facts, and had granted plaintiff's prior motion to execute, under the judgment of 1971. Defendants had at no time sought to meet their obligations pursuant to the judgment and orders. The court ruled on July 21, 1977, there remained one factual issue for determination, the current money amount due from defendants to plaintiffs for the formers' default, under the 1971 judgment, and subsequent orders based on it. Neither defendants nor any party whatever could refute that certain real property awarded to plaintiff went through a foreclosure proceeding as a result of defendants' failure to meet their obligations under the 1971 judgment; also, it was necessary to raise $98,000

cash to recover most of the foreclosed land. Such was disclosed by the affidavits annexed to the motion. Plaintiff concluded with a claim there was no material issue of fact to litigate, the judgment and orders had described defendants' legal duty thereunder, and plaintiff was entitled to judgment as a matter of law. The affidavits included with the motion established the sums paid to recover parcels 8, 9, 10, 11, and 12 from the purchasers at the foreclosure sale.

Defendant, Ensign, filed an objection to the motion for partial summary judgment and an affidavit. His claim was Ensign Company had sold all its interest to the property in question to Ski Park City West, Inc., in the autumn of 1969. Ensign had had no dealings with the property or monies received or financial transactions involving the property since the autumn of 1969. Ensign further claimed he was familiar with the land in question, and in his opinion it was not worth $98,000. Ensign claimed there were a substantial number of disputed facts, making inappropriate a summary judgment. He urged, if any of the defendants had engaged in conduct of misusing the funds collected, there was a factual dispute as to Ensign's involvement.

At the hearing on the motion Ensign asserted as factual issues: (1) Was a trust account established by defendants; (2) Were monies collected and were they applied or diverted; and (3) What was the value of the property in parcels 8, 9, 10, 11, and 12.

Plaintiff responded that it was irrelevant whether the money was, in fact, paid into the trust fund. Defendants had such a duty; and if they failed to perform, they were to hold plaintiff harmless from damages and allow plaintiff to clear title. Plaintiff asserted it had no knowledge as to what happened to the money collected from third party purchasers, such was an issue to be resolved among the defendants. The facts established proved the vendors to the parties foreclosed their mortgages and to protect plaintiff's interest, plaintiff paid

$98,000. Under the 1971 judgment, defendants were responsible.

The trial court granted plaintiff's motion, and awarded judgment in the sum of $98,000 to plaintiff. The court further affirmed its previous order of April 8, 1975, granting plaintiff's motion for leave to execute.

Defendant, Ensign, describes in his brief the original action as a complaint seeking partition of real estate. Partition is a statutory action to which there must be strict adherence as set forth in Chapter 39, Title 78. A review of the pleadings indicates the complaint did not include all persons with an interest in the property, such as, those having any interest in, or liens of record, by mortgage, judgment, or otherwise.[1] Rather, as previously noted, the action was in the nature of a declaratory judgment to determine the rights of the parties pursuant to their agreement of 1967.

On appeal, Ensign contends the trial court adopted an erroneous interpretation of the judgment of July 23, 1971. Specifically, this judgment imposed upon defendants a duty in all events to pay for the land awarded to plaintiffs. This interpretation was the basis to authorize a money judgment for damages awarded to plaintiff.

Ensign argues the terms of the 1971 judgment are ambiguous in that the terms "original seller obligations" "defendants' obligations to original sellers" are indefinite.

Further, Ensign asserts the 1971 judgment applied only to that land from which there were proceeds, and there was no evidence to indicate there were any such proceeds as to the land in question. He claims the judgment requires the existence of proceeds from third party sales contracts for parcels 8, 9, 10, 11, 12. The record affirmatively shows that all of the third party purchase contracts dealt with land other than that foreclosed by the bank. Therefore, Ensign urges no duty arose as to this land as no proceeds were available to be

1. See Sections 78–39–2, 3, 5.

applied to it. Defendant further urges the judgment applied only to the extent the proceeds had not heretofore been assigned, and whether there had been such an assignment was an unresolved issue of fact.

■ An ambiguous judgment is subject to construction according to the rules that apply to all written instruments:

.   .   . In construing a court order or judgment, resort may be had to the pleadings and findings.

Where construction is called for it is the duty of the court to interpret an ambiguity which will make the judgment more reasonable, effective, conclusive, and one which brings the judgment into harmony with the facts and the law. .  .  .[2]

■ If the language of a judgment be clear and unambiguous, it must be enforced as it speaks. However, when the meaning is obscure or ambiguous, the entire record may be resorted to for the purpose of construing the judgment.[3]

■ Here, the trial court ruled it was the duty and obligation of defendants to obtain the release from monetary encumbrances of the real property awarded to plaintiff in the 1971 decree. The three defendants, in fact, failed to discharge the financial obligations on parcels 8, 9, 10, 11, 12, the property awarded to plaintiff by the 1971 judgment, with a resulting foreclosure of same pursuant to decree. Plaintiff's judgment assignee recovered back all but two acres of parcels 8 through 12 inclusive by paying $98,000 cash to judicial sale purchasers at sheriff's foreclosure sale. The factual issues concerning questions of the foreclosure and the recovery payment of $98,000 are materially uncontroverted by defendants. The trial court further ruled the prior May 15, 1975, Writ of Execution was superseded and modified to reflect the current amount due from defendants to plaintiff and its judgment assignee.

The trial court did not err in its interpretation of the 1971 judgment. Therein it is clearly specified that the payment procedure was not to be deemed a waiver of any of the basic agreements between the parties and that the payment procedure did not alter, amend, or modify defendant's obligations to original sellers. When these provisions are construed in conjunction with plaintiff's complaint including the attached Exhibit A, the 1967 agreement, the asserted ambiguity in the 1971 judgment is resolved.

■ Defendant, Ensign, further contends he is not bound by the 1971 judgment on stipulation on the ground he had not authorized his attorney to do so. Defendant raises this matter for the first time on appeal. The record herein includes the hearing held on February 27 and 28, 1975; counsel specifically represented his appearance was for defendant, Ensign. Counsel did not assert at that time Ensign had not authorized the stipulation. Thereafter, Ensign has been represented in several hearings including the one for summary judgment, and such an assertion has not been made. Ensign did not make such a claim in his affidavit to support his pleading in opposition to the motion for summary judgment. Where a party neither raises an issue in its pleadings nor presents it to the trial court, the issue cannot be considered for the first time on appeal.[4]

Defendant's final point on appeal concerning the order of April 8, 1975, is without merit, since the matters resolved therein were reconsidered at the time the summary judgment was granted.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

**2.**  *Moon Lake Water Users Association v. Hanson*, Utah, 535 P.2d 1262, 1264 (1975).

**3.**  *Westbrook v. Lea General Hospital*, 85 N.M. 191, 510 P.2d 515 (1973).

**4.**  *Hanover Limited v. Fields*, Utah, 568 P.2d 751 (1977).