This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40530**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**KRISTOPHER BAIER,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse Defendant's conviction of aggravated

burglary based upon fundamental instructional error and affirm the remainder of the district court's judgment for the following reasons.

**{2}**    Defendant's first issue on appeal asserts fundamental error in the failure to instruct the jury that in order to convict of aggravated burglary, it had to determine whether Defendant was armed with a deadly weapon at the time of the offense alleged. [BIC 7] The approved instruction for that offense allows a jury to be instructed by alternative means, depending upon whether or not the allegations involve a *per se* deadly weapon, as defined at NMSA 1978, Section 30-1-12(B) (1963). If a *per se* deadly weapon is involved, the relevant instruction requires only a finding that "[t]he defendant was armed with a _____," inserting the name of the weapon at issue. UJI 14-1632 NMRA. Although the statutorily enumerated weapons are deadly weapons as a matter of law, "[i]f the item is not specifically listed, the question of whether the object is a deadly weapon should be given to the jury to decide." *State v. Traeger*, 2001-NMSC-022, ¶ 12, 130 N.M. 618, 29 P.3d 518. In that circumstance, the approved instruction requires a finding that "[t]he defendant was armed with an instrument or object which, when used as a weapon, could cause death or very serious injury." UJI 14-1632, use note 3.

**{3}**    The evidence in this case suggests that Defendant went into a house by using a pocketknife to open a locked door. [BIC 3-4; AB 2] A pocketknife is not a deadly weapon as a matter of law, because Section 30-1-12(B) "neither refers to a pocketknife in particular nor to all knives in general." *State v. Nick R.*, 2009-NMSC-050, ¶ 16, 147 N.M. 182, 218 P.3d 868. Thus, in order to convict Defendant of aggravated burglary in this case, the jury should have been required to find that the pocketknife at issue was capable of "caus[ing] death or very serious injury." UJI 14-1632, use note 3. Instead, the jury instruction used at trial merely required a finding that Defendant "was armed with a knife." [BIC 7; RP 170]

**{4}**    Both parties on appeal agree that no objection to this erroneous instruction was raised below. [BIC 7; AB 5] Thus, our review of this issue is for fundamental error. *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. Generally, "fundamental error occurs when the trial court fails to instruct the jury on an essential element." *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72. Stated more precisely, "fundamental error occurs when, because an erroneous instruction was given, a court has no way of knowing whether the conviction was or was not based on the lack of the essential element." *State v. Swick*, 2012-NMSC-018, ¶ 46, 279 P.3d 747.

**{5}**    In this appeal, the State argues that no fundamental error occurred because Defendant did not dispute the pocketknife's status as a deadly weapon and did not object to the instructions given. [AB 9] Because being armed with a deadly weapon is an element of aggravated burglary, however, Defendant bore no burden of proof on that issue. Instead, the State was required to establish that fact. Further, the State's assertion that Defendant conceded to the instructions given merely reiterates that the error is unpreserved and must be reviewed for fundamental error. We are not persuaded that these arguments address "the fundamental right of a criminal defendant

to have the jury determine whether each element of the charged offense has been proved by the state beyond a reasonable doubt." *State v. Orosco*, 1992-NMSC-006, ¶ 20, 113 N.M. 780, 833 P.2d 1146.

**{6}** The State also directs our attention to an unpublished opinion in which this Court concluded that trial evidence involving injuries inflicted by the defendant indisputably established that the knife at issue was a deadly weapon. [AB 7-8] *See Sutphin*, 2007-NMSC-045, ¶ 16 (noting that "when there can be no dispute that the omitted element was established, fundamental error has not occurred"). The State does not, however, direct us to any evidence indisputably establishing any sort of injury the pocketknife at issue in this case was capable of causing. We also note that the elements instruction for aggravated burglary was the only instruction dealing with the pocketknife. [RP 168-94] Thus, no other finding of the jury necessarily included any assessment of whether that pocketknife was or was not a deadly weapon. *See Orosco*, 1992-NMSC-006, ¶ 12 (explaining that when a jury's finding, "necessarily includes or amounts to a finding on an element omitted from the jury's instructions, any doubt as to the reliability of the conviction is eliminated and the error cannot be said to be fundamental"). As a result, we are left with "no way of knowing whether the conviction was or was not based on the lack of the essential element." *Swick*, 2012-NMSC-018, ¶ 46. Accordingly, we conclude that the failure to instruct the jury that it must determine whether the pocketknife was a deadly weapon amounted to fundamental error.

**{7}** Defendant also challenges the sufficiency of the evidence to support a conviction of breaking and entering. [BIC 12] In particular, Defendant contends that the State failed to present evidence that his entry into the house "was obtained by the breaking of a doorframe or locking mechanism." [BIC 13-14] The State offered photographs of a damaged doorframe at trial. [BIC 15] There was also contradictory testimony from the homeowner regarding both whether any of that damage was caused by Defendant. [BIC 14-15] In the context of potentially contradictory testimony regarding the origin of the damage to the doorframe, it was up to the jury to decide "where the truth lies." *Westbrook v. Lea Gen. Hosp.*, 1973-NMCA-074, ¶ 10, 85 N.M. 191, 510 P.2d 515; *see State v. Alberico*, 1993-NMSC-047, ¶ 84, 116 N.M. 156, 861 P.2d 192 (noting that whether a witness is telling the truth "is for the jury to decide"); *State v. Gilbert*, 1933-NMSC-059, ¶ 6, 37 N.M. 435, 24 P.2d 280 (affirming the conviction of a defendant "in the unfortunate position of having failed to impress the jury with the truth of his claim").

**{8}** Thus, on appeal, "evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (explaining that an appellate court does not "substitute its judgment for that of the fact[-]finder"). As a result, when the evidence supports more than one reasonable finding, "one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. This principle applies even where, as here, Defendant asserts that an acquittal on a separate count

contradicts a finding that he damaged the doorframe. [BIC 15] It is well-established that appellate courts do not entertain challenges based upon allegedly inconsistent verdicts. *See State v. Roper*, 2001-NMCA-093, ¶ 24, 131 N.M. 189, 34 P.3d 133 (noting that it is the role of this Court to review convictions, not acquittals, "and thus we do not entertain contentions alleging that the verdicts are irreconcilable"); *State v. Fernandez*, 1994-NMCA-056, ¶ 39, 117 N.M. 673, 875 P.2d 1104 (noting in similar circumstances "we review the verdict of conviction, not the verdict of acquittal").

{9}     Finally, Defendant asserts that his right to be free from double jeopardy was violated by his convictions of both aggravated burglary and breaking and entering. [BIC 17-30] In doing so, Defendant acknowledges this Court's recent opinion in *State v. Begaye*, 2022-NMCA-010, 505 P.3d 855, *cert. granted* (S-1-SC-38797, Dec. 27, 2021) in which we addressed a similar argument. [BIC 20-21] Just as in *Begaye*, the charging instrument in this case explicitly relies upon the "breaking or dismantling component of the breaking and entering statute," while the burglary charge is premised upon an "intent to commit a theft or a felony once inside." [RP 1] *Begaye*, 2022-NMCA-010, ¶ 16 (internal quotation marks omitted); *id.* (comparing charges, pursuant to NMSA 1978, § 30-14-8 (1981), with charges under NMSA 1978, § 30-16-3 (1971)). Thus, for the same reasons more fully explained in *Begaye*, we conclude that Defendant's convictions are not premised solely upon the unitary act of entering the house, and are instead based on the distinct legislative purposes embodied in the two statutory proscriptions at issue. *See Begaye*, 2022-NMCA-010, ¶¶ 12-14 (discussing legislative intent).

{10}    Accordingly, we reverse and vacate Defendant's aggravated burglary conviction, affirm the judgment of the district court with regard to Defendant's remaining convictions, and remand this case to that court for further proceedings, as appropriate.

{11}    IT IS SO ORDERED.

KRISTINA BOGARDUS, Judge

WE CONCUR:

J. MILES HANISEE, Chief Judge

JACQUELINE R. MEDINA, Judge